455 So.2d 495 (1984)
Joseph ROUX, Appellant,
v.
STATE of Florida, Appellee.
No. AW-357.
District Court of Appeal of Florida, First District.
August 14, 1984.
Rehearing Denied September 28, 1984.
*496 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
The sole issue in this appeal is whether the trial court erred in imposing sentences exceeding the range permitted under the sentencing guidelines without giving written reasons for the departure. Appellant was sentenced on two counts of robbery with a firearm. He received a sentence of four years' incarceration for each offense, followed by a period of probation of five years on one count and ten years' probation on the other, both sentences to run concurrently.
The state concedes error in that under rule 3.701(d)(12), In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983), the total sentence "cannot exceed the total guideline sentence unless a written reason is given." We find the position of the appellant and the state to be correct. At the time appellant was sentenced (November 7, 1983), committee note (d)(12) provided, as a specific limitation on the permissible total length of a split sentence i.e., a combination of state prison and incarceration, that "the total sanction imposed cannot exceed the maximum guideline range" without giving written reasons for the departure.[1] 439 So.2d at 852. The maximum guideline range for each of appellant's offenses is four and one-half years. No reasons for departure were given.
Accordingly, the sentences appealed are reversed and the cause is remanded for resentencing.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] The amended committee notes, which have been adopted as a part of the rules, now provide in pertinent part: "The total sanction (incarceration and probation) shall not exceed the terms provided by general law." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). According to the view previously expressed by this court, the amended rule cannot be applied retroactively to appellant. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).