458 So.2d 64 (1984)
Kim RANDOLPH, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-498.
District Court of Appeal of Florida, First District.
October 26, 1984.
*65 Michael E. Allen, Public Defender and Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Randolph appeals her sentence which was imposed under the sentencing guidelines. She complains of the court's reliance upon the guidelines without her election to be sentenced thereunder. She also asserts that the court erred in relying upon an amendment to the guidelines which provides for "bumping up" the sentence range into the next higher "cell" by reason of Randolph's probation having been revoked. We reverse on both points.
The defendant was charged with violation of probation. She admitted the violation and her attorney then presented mitigation in an effort to persuade the court not to revoke her probation. When the prosecutor mentioned sentencing guidelines, the defendant's attorney stated that she did not believe the case would be governed by the guidelines. The court and prosecutor disagreed and, after taking a recess to prepare a guidelines scoresheet, the court proceeded to revoke probation and sentence the defendant to 30 months in the state corrections system. The recommended range under the guidelines scoresheet was "any nonstate prison sanction." However, the trial court, over counsel's objection, "bumped up" the sentence range into the next higher cell which provided for "community control or 12-30 months incarceration." In doing so, the court relied upon Fla.R.Cr.Pr. 3.701 d.14 which provides that sentences imposed after revocation of probation may be increased to the next higher cell without requiring a reason for departure. Rule d.14 was added by amendment on May 8, 1984. The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). And although the defendant was sentenced thereafter on June 12, 1984, the amendment was not effective until July 1, 1984. See Chapter 84-328, Laws of Florida.
With respect to the appellant's first point that she should not have been sentenced under the guidelines, we note that even though sentencing occurs on or after October 1, 1983, the guidelines do not apply where the offense was committed prior to October 1, 1983, unless the defendant affirmatively elects to be sentenced under the guidelines. Section 921.001(4)(a), Florida Statutes (1983); In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983); cf. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); Harrington v. State, 455 So.2d 1317 (Fla. 2nd DCA 1984) [On Motion for Rehearing]. Although the offense for which appellant was sentenced was committed prior to October 1, 1983, no such affirmative election was made by her. On remand, the trial court should sentence appellant in accordance with the procedures in effect prior to the adoption of sentencing guidelines unless she affirmatively elects to be sentenced under the guidelines.
We also find that the court erred in applying Rule 3.701 d.14 because it was not in effect at the time the defendant was sentenced. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Paschal v. Wainwright, 738 F.2d 1173 (11th Cir.1984), relied upon by the State, is distinguishable.
We realize that a defendant's violation of probation may be a "clear and convincing reason" for the imposition of a *66 sentence outside the guidelines range. Jackson v. State, supra; Carter v. State, supra. Nevertheless, assuming that she elects on remand to be sentenced under the guidelines, appellant is still entitled to have the trial court properly apply the guidelines including the determination of the particular guidelines cell applicable to the defendant. If, after doing so, the trial judge wishes to impose a sentence outside the guidelines cell, he may do so provided a sufficient basis for the departure is stated by the court in writing as required by Rule 3.701 d.11. Cf. Jackson v. State, supra.
The sentence is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.