458 So.2d 396 (1984)
Gregory Lamar WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-351.
District Court of Appeal of Florida, First District.
November 1, 1984.
Michael Allen, Public Defender; Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Walker appeals from a sentence imposed under the sentencing guidelines, Rule 3.701, Florida Rules of Criminal Procedure, and from the imposition of assessments pursuant to Sections 960.20 and 943.25(4), Florida Statutes, and attorney's fees pursuant to Section 27.56, Florida Statutes. We reverse on both issues.
Walker affirmatively elected to be sentenced pursuant to Rule 3.701 at his sentencing hearing on 7 November 1983. His "primary offense at conviction," Rule 3.701(d)(3), was robbery, a second degree felony; he received 50 points in this category. He received an additional 7 points for the "additional offense at conviction," Rule *397 3.701(d)(4), of burglary of a structure. The 57-point total translated to a guidelines sentence range of "community control or 12-30 months incarceration." Form 3.988(c), Fla.R.Cr.P.
Despite the recommended range, the court imposed sentences of 30 months incarceration plus 5 years probation for the conviction of burglary of a structure, sentences to run concurrently. In each case, Walker was ordered to pay $15 and $4, pursuant to Sections 960.20 and 943.25(4), respectively, as a condition of probation. He was also ordered to pay an attorney's fee of $150 "in reference to services received in reference to these two cases," pursuant to Section 27.56, Florida Statutes.
On appeal, Walker argues that the court exceeded the guidelines range without providing the written reasons therefor required by Rule 3.701(d)(12), Fla.R.Cr.P. We agree. Rule 3.701(d)(12) requires that a sentence be imposed for each offense but states that the total sentence cannot exceed the guidelines without written explanation. The note to the rule amplifies this provision, stating that: "If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarceration portion imposed shall not be less than the minimum of the guidelines range and the total sanction imposed cannot exceed the maximum guideline range."
In this case, the maximum guideline range was 30 months incarceration; the trial court's sentence of 30 months plus 5 years probation exceeds that range. While this is permissible if appropriate written reasons are provided therefor, no such reasons were given by the trial court, and the sentence must be reversed. The State argues that the note to Rule 3.701(d)(12) relied on by Walker was amended on 8 May 1984 to provide that the limit on the total sanction is "the term provided by general law," not "the maximum guidelines range," thereby rendering this sentence proper. This argument must fail. In Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984), involving similar factual circumstances, the court acknowledged the amendment to the note, but held that "the amended rule cannot be applied retroactively." Id. at 496, n. 1. Therefore, the pre-amendment version of the rule applies to Walker, who was sentenced on 7 November 1983, and the total sanction herein improperly exceeds the maximum guidelines range.
We must also reverse on the issue of the assessments and attorney's fees imposed on Walker. In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the Florida Supreme Court held that costs under Sections 960.20 and 943.25(4) could be imposed against an indigent only if he is given adequate notice and a full opportunity to object to the assessments. Although the State argues that Walker did receive the required notice by way of an order to show cause why attorney's fees and costs should not be assessed against him, the assessment referred to in the order was "pursuant to Section 27.56, Florida Statutes." The costs described in that section do not include the assessments under Sections 960.20 and 943.25(4); therefore no notice of those assessments was provided Walker by the order relied on by the State. Also unavailing is the State's attempt to distinguish Jenkins by arguing that Walker was "less indigent" than the defendant in that case. The trial court's finding that Walker was "indigent within the meaning of the law" is sufficient to require the application of the Jenkins rule. The imposition of these assessments is therefore reversed, without prejudice to the state to tax them in accordance with the law.
While Walker did receive an "Order to Show Cause" regarding imposition of the attorney's fee pursuant to Section 27.56, Florida Statutes (1983), the order did not fully comply with the statutory requirement of adequate notice. Section 27.56(7) states that "[t]he court having jurisdiction of the defendant may ... determine the value of the services of the public defender ... at which time the defendant ..., after adequate notice thereof, shall have opportunity to be heard and offer objections to *398 the determination." Here, the court's determination of the amount of the fee occurred in open court on the day of the sentencing hearing; therefore, Walker did not have the adequate notice required by the statute and assessment of the fee was inappropriate. The assessment is reversed, also without prejudice to the State to tax the fee in accordance with Section 27.56(7), Florida Statutes (1983).
ERVIN, C.J., and ZEHMER, J., concur.