459 So.2d 1119 (1984)
Robert SAUNDERS, Appellant,
v.
STATE of Florida, Appellee.
No. BA-41.
District Court of Appeal of Florida, First District.
November 14, 1984.
Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of sentences imposed, after a violation of probation, for two counts of burglary. We find that the *1120 court erred by applying Fla.R.Crim.P. 3.701(d)(14) (1984) prior to the provision's effective date, thereby impermissibly exceeding the Fla.R.Crim.P. 3.701 presumptive guidelines sentence. We vacate the sentences appealed and remand the cause for resentencing.
In 1983, pursuant to sentencing guidelines then in effect, appellant was placed on concurrent terms of probation for two counts of burglary. Appellant thereafter violated a condition of his probation and in June 1984 the court revoked the probation and sentenced appellant to a thirty month term of imprisonment for each burglary offense. Such a penalty departs from the presumptive guidelines sentence then applicable, and therefore "must be accompanied by a written statement delineating the reasons for the departure." See Fla.R.Crim.P. 3.701(d)(11). While a violation of probation may be an adequate reason for departure from the guidelines, see Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), in the present case the trial court declined to provide the required written statement. The court's reliance upon Fla.R.Crim.P. 3.701(d)(14)[1] was improper, inasmuch as that provision was not yet effective when appellant's sentence was imposed. Accord, Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984). Furthermore, Rule 3.701(d)(14) does not apply upon remand for resentencing; appellant is entitled to be resentenced under the guidelines in effect at the time the sentence being reviewed was imposed. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), rehearing denied, September 20, 1984; Carter, supra, fn. 3. On remand, should the court again depart from the recommended guidelines sentence, it must express the reason for such departure in writing.
Accordingly, appellant's sentences are vacated and the cause remanded for resentencing.
SHIVERS and NIMMONS, JJ., concur.
NOTES
[1] Rule 3.701(d)(14), effective July 1, 1984, provides that:

Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.