BARKETT, Judge.
The appellant, Paul Ray Hanabury, appeals the trial court’s denial of his motion to correct sentence. Appellant asserts the sentence imposed was in excess of the sentencing guidelines. We agree, reverse, and vacate the sentence.
On September 14, 1983, the appellant entered a no contest plea to burglary of a dwelling, manufacture of a controlled substance, armed trespass of an occupied structure, possession of burglary tools, and obstruction by false information.
On October 19, 1983, the appellant elected to be sentenced under the sentencing guidelines. He scored ninety-five (95) points on the sentencing guideline score-sheet, which called for a recommended sen *1114 tence of four years. The trial judge sentenced him to: (1) four years in prison for the burglary charge; (2) a one-year jail sentence for the misdemeanor to run concurrently with the sentence imposed for the burglary; and (3) five years probation on each of the other three felony charges to run consecutively to the prison sentence but concurrently with each other. Appellant thus received a nine-year sentence. The maximum sentence he could have received under the guidelines was four and one-half years absent a finding of clear and convincing reasons by the trial judge for departing from the guidelines.
Appellant filed a motion to correct sentence contending that his prison sentence, combined with the consecutive probation, exceeded the maximum sentence he could receive under the guidelines. The motion to correct sentence was denied.
Florida Rule of Criminal Procedure 3.701(d)(12) states:
Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
At the time of sentencing, on October 19, 1983, the committee note read:
(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.
However, at the present time, committee note (d)(12) reads:
(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed-cannot exceed the maximum guideline range, nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
Appellant elected to be sentenced under the guidelines as they were on October 19, 1983. He should be entitled to rely on them as they were when he made the election. Accordingly, we vacate the sentence and remand for the imposition of a sentence in accordance with the sentencing guidelines.
GLICKSTEIN and HURLEY, JJ., concur.