460 So.2d 1022 (1984)
Eric Bobbie BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1028.
District Court of Appeal of Florida, Second District.
December 28, 1984.
Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Eric Bobbie Burke appeals his judgment of conviction for grand theft and the sentence imposed by the trial court pursuant to the sentencing guidelines. Fla.R.Crim.P. 3.701.
In June 1983 defendant was charged with second-degree grand theft, a third-degree felony. He pled nolo contendere and was placed on probation for five years. In November an affidavit was filed alleging that defendant violated several conditions of his probation. He was adjudged guilty and, in January 1984 the trial court entered *1023 an order of modification of probation. One month later another affidavit of violation of probation was filed. After a hearing on February 17, the court found that defendant had violated his probation. The court then sentenced him under the new sentencing guidelines imposing a prison term of five and one-half years. On appeal defendant only challenges the sentence he received.
We find a number of problems with defendant's sentence. First, the scoresheet prepared by the court reflects that defendant was charged with two counts of grand theft. However, the record only discloses one count of grand theft and the judgment and sentence forms only indicate one count. We are unable to determine from the record whether there was a concurrent charge of grand theft for which defendant was being sentenced. If the court sentenced defendant for only one count of grand theft, the sentence imposed was illegal as it exceeded the allowable maximum of five years for a third-degree felony. See §§ 812.014(2)(b) and 775.082(3)(d), Fla. Stat. (1983); Fla.R.Crim.P. 3.701(d)(10). If, on the other hand, defendant was being sentenced for two counts of grand theft, as the order revoking probation indicates, then the court should have imposed a separate sentence for each offense. Of course, the total sentence cannot exceed the total guideline sentence unless a written reason is given. Rule 3.701(d)(12).
Next, the record reveals that several times during the proceedings the trial judge made remarks to the effect that he intended to deviate from the guidelines by aggravating defendant's sentence. Nevertheless, the method used by the court to achieve this goal was improper. The trial judge stated that he was going outside the guidelines "based on the latest ruling from the sentencing commission that on violations of probation, we may enhance by going up." The court was evidently relying on rule 3.701(d)(14) as authority for increasing the sentence. This was incorrect. While this rule does permit an enhancement of a sentence imposed after revocation of probation, it did not become effective until July 1, 1984, and cannot be applied retroactively. Saunders v. State, 459 So.2d 1119 (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984).
The court also incorrectly added six points to the scoresheet because defendant was on probation for the offense for which he was being sentenced. The court determined that this constituted being under "legal constraint" at the time of the offense for which defendant was being sentenced. See Rules 3.701(d)(6) and 3.988(f)(IV). But, while defendant was under legal constraint when his probation was revoked, he was not under legal constraint at the time he committed the offense of grand theft for which he was sentenced. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
Finally, we note that the court incorrectly checked the habitual offender box on the scoresheet. The record does not reflect any grounds which would qualify defendant for habitual offender treatment.
We find no merit to the remaining points raised by defendant. Accordingly, we affirm his conviction but vacate his sentence and remand for resentencing. On remand defendant should be sentenced under the guidelines in effect on February 17, 1984. See Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984). Should the court desire to deviate from the recommended guidelines range, it shall state in writing its reasons for doing so. Rule 3.701(d)(11). If the court does impose a sentence outside the range recommended by the guidelines, then either party may appeal after resentencing. Vileta.
OTT, J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.