THOMPSON, Judge.
This is an appeal from sentences imposed pursuant to appellant’s entry of a plea of *323 nolo contendere to two counts of uttering a forged instrument. We reverse.
At the sentencing hearing conducted on April-3, 1984, the court announced its adjudication of guilt as to both counts, whereupon appellant elected sentencing under the sentencing guidelines, Fla.R. Crim.P. 3.701. The guidelines’ recommended range for sentencing in this case was two and one-half years to three and one-half years incarceration. The sentences imposed were true split sentences of three years incarceration to be followed by two years probation, and were ordered to be served concurrently. Under Fla.R. Crim.P. 3.701(d)(12) and the Committee note applicable thereto at the time of appellant’s sentencing, these sentences amounted to a departure from the sentencing guidelines. Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984). The trial judge failed to give a statement of written reasons for imposing sentences exceeding the maximum allowable range under the guidelines, apparently because he felt that the sentences imposed did not constitute a departure from the guidelines.[1] Because written reasons for departing from the sentencing guidelines were not given, and because the appellant was entitled to the benefit of the guidelines in effect at the time of his sentencing, this case must be reversed and remanded for resentencing.
The appellant also contends that the sentences imposed are illegal under Villery v. Florida Parole & Probation Commission,, 396 So.2d 1107 (Fla. 1981) in that the incarceration portion of the sentences exceeds one year. In 1983 the legislature enacted § 921.187(7), Fla.Stat., which provides that a court may “impose a split sentence whereby the offender is placed on probation upon completion of any specified portion of such sentence, which period may include a term of years or less.” (emphasis supplied). The emphasized language was not included in the statutory provision considered in Villery and it makes it clear that the legislative intent is that the court may impose split sentences of one year or more incarceration to be followed by probation as a result of the conviction of crimes committed after August 1, 1983, the effective date of the statute. With respect to crimes committed pri- or to August 1, 1983, the Villery limitation of less than one year’s incarceration on split sentences is still applicable.
REVERSED and REMANDED for re-sentencing.
WENTWORTH and WIGGINTON, JJ., concur.

. Neither the transcript of the sentencing hearing nor the guideline scoresheet made a part of the record herein include any reference to departure from the guidelines.