DANAHY, Judge.
In this appeal from a conviction for burglary, the state concedes that the trial judge erred in scoring the defendant’s primary offense as a life felony rather than a first degree felony, and also erred in scoring the defendant’s primary offense under scoring guidelines which were not effective at the time the charged offense occurred or at the time of the defendant’s plea. As suggested by the state, we reverse the sentence imposed in this case and remand for resentencing under the original sentencing guidelines with the defendant’s offense treated as a first degree felony rather than a life felony.
We do not agree with the defendant’s assertion that his offense should be treated as a felony of the second degree under section 810.02, Florida Statutes (1983). The defendant makes a strong argument that the statute sets forth a two-pronged test — that is, categorizing a burglary as a felony of the first degree if the offender both makes an assault or battery upon a person and is also armed. The defendant argues that if there is only an assault, with no weapon involved, the burglary is a felony of the second degree. We choose to read subsections (2) and (3) of the statute together and harmonize them. We believe they reflect a clear legislative intent that if an offender, in the course of committing a burglary, makes an assault or battery upon a person or if the offender is armed, the burglary is a felony of the first degree. Though not specifically stated, the defendant’s argument tacitly tells us that he did in fact commit an assault or battery upon a person. There apparently is no dispute that the defendant was not armed. We hold that under section 810.-02(2) and (3), the defendant was properly found guilty of a felony of the first degree.
*16 Conviction affirmed; sentence reversed and case remanded for resentencing in accordance with this opinion.
RYDER, C.J., and SCHOONOVER, J., concur.