PER CURIAM.
The issue is whether the trial court erred by enhancing the defendant’s sentence, under the sentencing guidelines, without enunciating the reasons for doing so. We find error and reverse on the authority of our recent decision in Hanabury v. State, 459 So.2d 1113 (Fla. 4th DCA 1984).
The trial court imposed a sentence one cell higher than that recommended by the sentencing guidelines after finding that Bibby had violated the conditions of his probation. The court did not state any reason for this action because it believed that Rule 3.701(d)(14), Fla.R.Crim.P., which would have justified such an increase, was in effect. In fact, however, the rule did not take effect until several months after the court’s action. In Hanabury, supra, we held that amendments to the sentencing guidelines do not have retrospective application. We adhere to our position and hold that Rule 3.701(d)(14), Fla.R.Crim.P., could not be utilized to enhance a sentence imposed prior to the rule’s effective date. See also Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
Accordingly, we reverse and remand this cause with instructions that the trial court enter a written explication of its reasons for departure from the sentencing guidelines.
DOWNEY, HURLEY and WALDEN, JJ., concur.