PER CURIAM.
This is an appeal from the sentence rendered in connection with revocation of appellant’s probation. We reverse and remand with instructions.
Appellant was placed on three years’ probation for delivery of hashish in February, 1983. The state charged him with violation of probation in September, 1983, by sexual batteries on several children and failure to attend drug and alcohol programs. The trial court found that appellant violated his probation with respect to some of the batteries and his failure to attend the above programs. Accordingly, it revoked probation, and adjudicated appellant guilty of the charge of delivering hashish. At the sentencing hearing, it explained to defense counsel that under the new sentencing guidelines it could increase the sentence one cell from what it would otherwise have been; and did so.
While it is true that the new guidelines do allow a one-cell increase where violation of probation is involved, this rule was not effective until July 1, 1984. Appellant’s probation was found to have been violated in September, 1983, and he was sentenced in March, 1984. A rule change that is disadvantageous to the criminal defendant does not have retrospective application. . See, e.g., Bibby v. State, 465 So.2d 670 (Fla. 4th DCA 1985); Hanabury v. State, 459 So.2d 1113 (Fla. 4th DCA 1984). Here, as in Bibby, the trial court applied the rule change before the change became effective.
Accordingly, we reverse and remand with instructions that the trial court, in accordance with the pertinent rule in effect at the time of sentence, enter in writing its reasons for departure from the sentencing guidelines.
LETTS and GLICKSTEIN, JJ., concur.
ANSTEAD, C.J., dissents with opinion.