GLICKSTEIN, Judge.
On February 7, 1984, appellant was placed on twelve months’ probation, with special condition he serve 30 days in jail, on a plea of guilty to delivery of cannabis for consideration. An affidavit of probation violation filed May 15, 1984, alleged his failure to submit three monthly reports, accurately report his address and pay supervision costs. His probation officer testified to these violations at the August 9, 1984, hearing, and the court found Arnett in violation of his probation with respect to the first two charges.
Arnett scored 72 points under the sentencing guidelines. This indicates a punishment less than state prison. The next, more severe punishment cell provides for 12 to 30 months’ imprisonment. Without stating specific grounds for doing so, the court imposed a sentence of 24 months in prison. The issue is whether the trial court erred when it'sentenced appellant after violation of probation within the sentence guidelines range next higher than the original guidelines cell, without stating a reason-for departure. We believe it did.
At the crux of the issue here is a change in the rule pertaining to sentencing guidelines, Florida Rule of Criminal Procedure 3.701, which change became effective after Arnett’s offense and placement on probation, but before his sentencing because of probation violation. The rule change, which became effective July 1,1984, makes it permissible in a probation violation case to move the sentence up one cell from the original guidelines cell without stating a reason. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 —Sentencing Guidelines), 451 So.2d 824 (Fla.1984). The change was effected by addition of rule 3.701(d)(14).
Appellant contends the enhanced sentence is in the nature of ex post facto application of a change of law. Appellee contends the change is purely procedural as it was previously possible to enhance the sentence by moving into the next higher cell, except that it was then necessary to state reasons for doing so. Appellee attempts to analogize to cases in which a judge applied newly changed rules on jury instructions and in which the appellate court would not reverse. We think the analogy is inappropriate because in those cases the new rules would have applied if there were a new trial, so nothing would have been gained by reversal. Here, if there were reversal based on the need to apply the former rules, the court would merely have to either give reasons for the departure or resentence according to the guidelines.
We think it fair to say that enhancing a sentence without stating reasons is to the defendant’s disadvantage, and therefore a rule change that facilitates enhancement may not be applied after the fact. See, e.g., Hayes v. State, 452 So.2d 656, 657 (Fla. 2d DCA 1984) (statutory change increasing permitted duration of jurisdiction retention in sentencing not applicable retroactively, because a disadvantage to defend *549 ant); see also Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
Absent a need to state a clear and convincing reason, a court may enhance a sentence without carefully considering whether such enhancement is appropriate; and under the amended rule a one-cell enhancement ceases to be subject to appellate scrutiny. We do not say the trial judge in the instant case lacked a proper reason for enhancing appellant’s sentence, or that the rule change is a bad idea. We say only that the rule change disadvantages the offender, and therefore may not be applied retroactively.
The instant case is on all fours with Bibby v. State, 465 So.2d 670 (Fla. 4th DCA 1985). There this court held that the trial court had incorrectly applied the rule amendment retrospectively. Accordingly, the enhanced sentence was reversed and remanded, with instructions that the trial court explicate in writing its reasons for enhancing the sentence. See also, Garner v. State, 465 So.2d 671 (Fla. 4th DCA 1985), and cases cited therein.
In Burke v. State, 460 So.2d 1022, 1023 (Fla. 2d DCA 1984), the Second District Court of Appeal wrote as follows:
Next, the record reveals that several times during the proceedings the trial judge made remarks to the effect that he intended to deviate from the guidelines by aggravating defendant’s sentence. Nevertheless, the method used by the court to achieve this goal was improper. The trial judge stated that he was going outside the guidelines “based on the latest ruling from the sentencing commission that on violations of probation, we may enhance by going up.” The court was evidently relying on rule 3.701(d)(14) as authority for increasing the sentence. This was incorrect. While this rule does permit an enhancement of a sentence imposed after revocation of probation, it did not become effective until July 1, 1984, and cannot be applied retroactively. Saunders v. State [459 So.2d 1119] (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984).
We note also the decision of this court in Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985), wherein this court reversed retroactive application of a rule change. While the rule change crucial there creates stiffer punishment guidelines for sex offenses, whereas the rule change here eliminates the written reasons requirement for a one-cell enhancement of a sentence, we feel the changes are of the same kind, if different in degree.
We reverse the sentence and remand so that the court may resentence appellant. If, in so doing, the court departs from the original guidelines cell, it shall state the reasons therefor.
LETTS and DELL, JJ., concur.