PER CURIAM.
Appellant appeals from a 30-month sentence for possession of more than five grams of cannabis. He contends that the trial court erred in relying on Rule 3.701(d)(14), Florida Rules of Criminal Procedure, to elevate his sentence to the next higher guidelines cell without providing a reason for departure.[1]
On September 18,1979, appellant entered a guilty plea to the offense of possession of more than five grams of cannabis and was placed on five years of probation. On April 13, 1984, his probation was revoked, and appellant elected to be sentenced under the sentencing guidelines. Although the guidelines recommended sentence was any nonstate prison sanction, all the parties below thought that the appellant’s sentence could be increased to the next higher cell on the basis of his probation revocation, pursuant to Rule 3.701(d)(14), Florida Rules of Criminal Procedure. Appellant received the maximum sentence of 30 months of incarceration under the next higher cell.
Rule 3.701(d)(14) was added by amendment on May 14, 1984, and became effective on July 1, 1984. Rule 3.701(d)(14) cannot be retroactively applied. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984); Saunders v. State, 459 So.2d 1119 (Fla. 1st DCA 1984); Oldfield v. State, 468 So.2d 446 (Fla. 1st DCA 1985). Although a violation of probation is a permissible reason for departure from the guidelines, the trial court must in writing state that such is the reason for departure. Saunders, supra. However, in the case sub judice, the trial court did not state in writing its reason for departure. The fact that, at the time of the sentencing, all parties believed the amendment was in effect does not preclude an appeal from the sentence. The appellant is entitled to be sentenced under the guidelines in effect on April 13, 1984. Saunders, supra. A defendant does pot waive an appeal from a sentence imposed outside the guidelines by his failure to make a contemporaneous objection. State v. Rhoden, 448 So.2d 1013 (Fla.1984); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984). Accordingly, we must vacate appellant’s sentence and remand for resentencing under the guidelines in effect on April 13, 1984, with the direction that, if the trial court departs from the recommended guidelines sentence, he must set forth clear and convincing reasons in writing.
The State agrees that the order of revocation of probation lists violations for which no evidence was presented. We therefore direct that a corrected order of revocation of probation be entered, eliminating from the order all violations except the one charging that appellant was in the possession of cocaine on March 10, 1983.
Sentence vacated and remanded for re-sentencing, with directions.
MILLS and NIMMONS, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.

. Rule 3.701(d)(14), Florida Rules of Criminal Procedure, effective July 1, 1984, provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.