472 So.2d 551 (1985)
Larry HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. AX-70.
District Court of Appeal of Florida, First District.
July 3, 1985.
*552 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal is from a judgment and sentence for assisting in a riot and hurling deadly missiles at buildings. At the time the offenses were committed, appellant was an inmate at Cross City Correctional Institution. On appeal he raises the following three points: I. Whether the trial court erred in denying the defense motion for discharge; II. Whether the trial court erred in denying the defense motion for judgment of acquittal; and III. Whether the trial court erred in sentencing under the guidelines and in departing therefrom. We find no error under Points I and II, and affirm. Specifically, as to Point I, we affirm on the basis of Height v. State, 459 So.2d 470 (Fla. 1st DCA 1984). However, we do find error under Point III, and therefore vacate the sentence and remand for resentencing.
We initially disagree with appellant's position that the trial court improperly applied section 775.084, the habitual felony offender statute, in sentencing him under the guidelines. This Court has held on several occasions that the habitual felony offender statute remains applicable even though an individual may be subject to sentence under the sentencing guidelines. Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985); Walker v. State, 473 So.2d 694 (Fla. 1st DCA 1985); Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984).
Nevertheless, we do agree that sentencing errors did occur below. Fundamental to sentencing under the guidelines where, as here, the offense was committed prior to their October 1, 1983 effective date, is the defendant's affirmative selection to be so sentenced. Here, the record does not indicate such an affirmative selection on appellant's part. That, in itself, is reversible error. Patterson v. State, 462 So.2d 33 (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984). The error was compounded, however, by the trial court's failure to put in writing its reasons for departing from the guidelines. Again, that omission constitutes reversible error. Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984); Millett v. State, 460 So.2d 489 (Fla. 1st DCA 1984); Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
Since the cause will be remanded to the trial court for resentencing, we caution the court, in the event it again sentences appellant as a habitual felony offender, to pay careful heed to the statutory scheme of section 775.084 and to make specific findings of fact as to why it is necessary for the protection of the public to sentence appellant to an extended term. Section 775.084(4)(a), Fla. Stat. (1983). A bare, conclusory statement to that effect is insufficient to satisfy the statutory requirement. Walker v. State, 462 So.2d 452 (Fla. 1985).
Next, should appellant affirmatively select sentencing under the guidelines, we point out that the court's finding, supported by the record, that appellant is a habitual felony offender constitutes a clear and convincing reason for departure. Whitehead v. State. Nevertheless, if the sentence exceeds the guidelines' recommended range for that reason, the court must still comply with rule 3.701d.11., Florida Rules of Criminal Procedure, by stating in writing its reasons for departure. Cuthbert v. State, 459 So.2d at 1100, n. 3. But cf. Walker v. State, 473 So.2d 694 (where the habitual felony offender statute subjected *553 the appellant to a mandatory life sentence, the mandatory sentence, by virtue of rule 3.701d.9., took precedence over the lesser guidelines' recommended sentence, thereby alleviating the necessity for the trial court to justify its departing from the guidelines).
Based on the foregoing, the sentence is VACATED and the cause is REMANDED for resentencing. If appellant should select sentencing under the guidelines, he is entitled to be sentenced under the rules in effect at the time of the imposition of this sentence now being reviewed. Saunders v. State, 459 So.2d 1119 (Fla. 1st DCA 1984).
BOOTH, C.J., and BARFIELD, J., concur.