472 So.2d 1278 (1985)
Luke RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. BC-71, BC-72.
District Court of Appeal of Florida, First District.
July 10, 1985.
Rehearing Denied August 12, 1985.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant pled guilty to sale of cocaine and escape. The offenses occurred on February 2, 1984, and March 10, 1984, respectively. Prior to sentencing, Rule 3.701(d)(3) of the guidelines was amended, effective July 1, 1984,[1] and the amended version of *1279 the rule has a disadvantageous effect on the length of appellant's sentence. Utilizing two scoresheets and applying the newly amended guidelines, the trial court imposed a sentence of thirty months for sale of cocaine, and a consecutive sentence of eighteen months for escape. He erred in both respects. We reverse and remand for resentencing in accordance with the guidelines in effect on the date of appellant's offenses.
Prior to July 1, 1984, Rule 3.701(d)(3) provided:
(3) "Primary offense" is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined on the basis of the following:
(a) The offense with the highest statutory degree, in the order of life felony, first-degree felony punishable by life, first-degree, second-degree, and third-degree felonies; and
(b) In the event of two (2) or more offenses at the same degree, by the lowest numerical offense category.
Effective July 1, 1984, Rule 3.701(d)(3) was amended to read as follows:
(3) "Primary offense" is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined in the following manner:
(a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
(b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
Under the old rule and the amended rule, Rule 3.701(d)(1) provides that one guidelines scoresheet should be prepared for each defendant covering all offenses pending before the court for sentencing.
Two guidelines scoresheets were prepared in this case. For the sale of cocaine conviction, which is a category 7 (drugs) offense, appellant received 109 points for a recommended sentence of community control or 12-30 months. For his escape conviction, which is a category 9 offense, appellant had a total of 187 points for a recommended range of 5 1/5 to 7 years in prison. Sale of cocaine and escape are both second-degree felonies.
Appellant's counsel argued below that only one guidelines scoresheet should be used, and that scoresheet should be the one pertaining to appellant's drug conviction which recommended a sentencing range of community control or 12-30 months incarceration. In that vein, appellant's counsel argued that Rule 3.701(d)(3) in effect prior to July 1, 1984, was the applicable rule and that the primary offense is the drug conviction since it is a category 7 offense which is lower numerically than the escape offense which is a category 9 offense. The trial court ruled that it would not be an ex post facto violation to apply the newly amended Rule 3.701(d)(3) and sentenced appellant as stated above.
Appellant argues on appeal that application of the amended sentencing guidelines to his sentence violated the prohibition against ex post facto laws contained in Article I, Sections 9 and 10, United States Constitution. We agree. The amended guidelines expose appellant to a greater penalty than the guidelines in effect on the date of his offenses and thus application of the guidelines would be ex post facto and unconstitutional. Lee v. State, 294 So.2d 305 (Fla. 1974). Under the prior rule the primary offense is the drug conviction which has a shorter recommended range (12-30 months) than the escape conviction (5 1/2-7 years), which is the primary offense under the amended rule. We note the fundamental principle of ex post facto jurisprudence that a court entertaining an ex post facto claim must focus upon the law in effect at the time of the *1280 offense for which the person is being punished not the law in effect on the date of sentencing. United States ex rel. Forman v. McCall, 709 F.2d 852, 856 (3rd Cir.1983). Accordingly, we join with our sister courts in Mott v. State, 469 So.2d 946 (Fla. 5th DCA 1985), and Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985), in holding that a disadvantageous guidelines change may not be applied to a defendant's crimes committed before the effective date of the change, and we remand for resentencing in accordance with the sentencing guidelines in effect at the time the offenses were committed.
This holding is consistent with prior decisions of this court which have held that the amended guidelines may not be applied retroactively. Barnes v. State, 461 So.2d 216 (Fla. 1st DCA 1984); Saunders v. State, 459 So.2d 1119 (Fla. 1st DCA 1984); Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984); Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); and Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).[2]
To the extent that these decisions might arguably suggest that the guidelines in effect at the time of sentencing are applicable, a brief explanation is necessary. In Jackson, the first decision of this court to hold that a guidelines amendment may not be applied retroactively, the defendant committed his offense prior to the effective date of the guidelines, but he was sentenced subsequent to the effective date of the guidelines and he elected to be sentenced pursuant to the guidelines. While Jackson's appeal was pending, the guidelines were amended effective July 1, 1984. This court held that upon remand, Jackson could not be resentenced under the amended version of the guidelines but had to be sentenced upon the guidelines in effect at the time of sentencing. The court did not order that Jackson be sentenced in accordance with the guidelines in effect on the date of his offense, because as previously noted, Jackson's was a pre-guidelines offense and Jackson had elected to be sentenced under the guidelines.[3]
Although not explicated in the opinion, Roux involved a pre-guidelines offense for which the defendant elected to be sentenced under the guidelines. Randolph involved the following chronological factual pattern: offense which occurred prior to the effective date of the sentencing guidelines (October 1, 1983); Supreme Court amendment to guidelines rules (May 8, 1984); sentencing (June 12, 1984); and amended rules adopted by the legislature effective July 1, 1984. Upon these facts, this court held that Randolph could not be sentenced pursuant to the guidelines unless she elected to be sentenced thereunder and that the amended rules could not be applied since they were not effective until July 1, 1984. Walker involved a pre-guidelines offense for which the defendant elected to be sentenced under the guidelines. Following Randolph, the court in Saunders held that the defendant could not be sentenced in accordance with the amended rule prior to its effective date. In Barnes, the court followed Randolph and Saunders and held that the defendant could not be sentenced in accordance with the amended rule prior to its effective date. None of these decisions are inconsistent with our holding here that a defendant, who commits a post-guidelines offense, is entitled to be sentenced in accordance with the guidelines in effect on the date of his offense, if the guidelines amended subsequent to his offense have a disadvantageous effect on him.
*1281 Finally, although failure to use a single scoresheet for all offenses rather than separate scoresheets may be harmless error where the sentence imposed is within the presumptive sentence range had only one scoresheet been used, Farrow v. State, 464 So.2d 689 (Fla. 5th DCA 1985), we find that the use of two scoresheets in this case was not harmless error because they resulted in a sentence (48 months) which was beyond the recommended sentence range (12-30 months) had the court correctly utilized the drug offense (category 7) scoresheet.
REVERSED and REMANDED for resentencing consistent with the views expressed herein.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] Chapter 84-328, §§ 1, 3, Laws of Fla.; The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] In reciting these decisions, we do not foreclose the possibility that some guidelines changes may be considered procedural in nature, affecting only the manner in which the prisoner is sentenced, and thus would not be considered an ex post facto law. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); and Vaught v. State, 410 So.2d 147 (Fla. 1982).
[3] In Cone v. State, 469 So.2d 945 (Fla. 5th DCA 1985), the Fifth District Court of Appeal has held that a defendant whose offense was committed prior to the effective date of the guidelines, and who elects to be sentenced under the guidelines, is properly sentenced under the guidelines as they exist at the time of sentencing.