485 So.2d 1380 (1986)
Timothy VAN HORN, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2274.
District Court of Appeal of Florida, Third District.
April 8, 1986.
*1381 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Renee Ruska Pelzman and Nancy Wear, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
The appellant pled guilty to four counts of a five count information charging him with crimes committed on March 11, 1984.[1] Under the method of computing his sentence provided by the version of Fla.R. Crim.P. 3.701(d)(3) then in effect, the recommended guidelines range was between five and one-half and seven years imprisonment. His sentencing was originally scheduled for June 28, 1984, but was continued, on the prosecutor's motion, to July 5, 1984.[2] The guidelines on that date as determined under the amendment to Rule 3.701(d)(3) which had become effective four days earlier, on July 1, 1984, yielded a recommended sentence range of between twelve and seventeen years. The trial judge held that the amendment applied and accordingly sentenced Van Horn to guideline sentences totaling seventeen years. The defendant now appeals on the ground that the application of the amended guidelines to crimes which occurred before their effective date offends the provisions of the United States Constitution which forbid ex post facto laws. See Richardson v. State, 472 So.2d 1278 (Fla. 1st DCA 1985), which so holds with respect to the identical July 1, 1984 guidelines amendment.
We reject this contention and affirm the sentence under review  specifically without prejudice to a motion to withdraw the guilty plea[3]  on the authority of State v. Jackson, 478 So.2d 1054 (Fla. 1985). As did the courts in Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985) and Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986), we certify to the Supreme Court of Florida that this decision passes upon the following question of great public importance:
Whether all sentencing guidelines amendments are to be considered procedural in nature so that guidelines as most recently amended shall be applied at the time of sentencing without regard to the ex post facto doctrine.
Affirmed.
SCHWARTZ, Chief Judge (dissenting).
I cannot find that a change in the guidelines rules which directly results in more than doubling the time the defendant must serve in prison is a mere change in procedure which, consistent with the United States Constitution, may be retroactively applied. I therefore must dissent. I do so with the greatest reluctance in the light of my all-too-painful awareness of the fact that in State v. Jackson, 478 So.2d 1054 (Fla. 1985), the Supreme Court of Florida has held to the contrary.[1],[2] Since the common, statutory, and constitutional law of *1382 Florida is what the highest court of our state says it is, I am bound, like every other lower court judge, to follow its determinations of any such issues.[3] But this case is controlled by the United States Constitution which we are bound by our oaths to uphold and which is authoritatively interpreted by the Supreme Court of the United States. Applying its decisions, and even giving the great deference to the opinion of the Florida Supreme Court which it must be accorded, I feel myself required in conscience to conclude that the length of a prison sentence which is not subject to parole and which is determined by the applicable guidelines is, in the most basic sense, a substantive matter[4] which, under the ex post facto clause, may not be increased by an amendment adopted after the crime.[5]Weaver v. Graham, 450 U.S. 24, *1383 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883). For the reasons stated by the Jackson minority, and by every pre-Jackson district court decision,[6] I do not agree to the affirmance of the appellant's sentence.
NOTES
[1] The plea was entered pursuant to negotiations with the prosecution, accepted by the court, which included reserving the right of the state to seek an upward departure from the guidelines.
[2] The court granted the motion, in part, on the observation that the delay could not prejudice the defendant.
[3] See Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984).
[1] The sentencing involved in Jackson itself was for violation of a term of probation imposed for a crime committed before the guidelines in any form were in effect. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), discussed in Richardson v. State, 472 So.2d 1278, 1280 (Fla. 1st DCA 1985). Thus, it may well have been not inappropriate to apply the guidelines in effect at the time of sentencing on the ground that Jackson himself was not adversely affected by a change in the law which did not result in a harsher sentence than the one, up to the statutory limits, which could have been imposed at the time of the crime. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); see Burrell v. State, 483 So.2d 479, 480 n. 1 (Fla. 2d DCA 1986); Richardson, 472 So.2d at 1280 n. 2. Nevertheless, considering the broad language of the majority opinion, particularly in light of the basis of the dissent, I am forced to agree with each of the post-Jackson district court decisions that Jackson cannot be fairly restricted to its own situation and must be read to permit, indeed require, retroactive application of guideline amendments in all cases. See Jones v. State, 482 So.2d 586 (Fla. 1st DCA 1986); Kerr v. State, 481 So.2d 1233 (Fla. 2d DCA 1985); Inscore v. State, 480 So.2d 218 (Fla. 4th DCA 1985); Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986).
[2] I note that the logical and legal implication of Jackson is the invalidation of that portion of § 921.001(4)(b), Fla. Stat. (1983) which states that guideline revisions promulgated by the Supreme Court are not effective until adopted by the legislature. If, as Jackson says, the guidelines are merely procedural, this provision is contrary to Article V, Section 2 of the Florida Constitution which grants the Court alone authority to adopt rules of procedure, subject only to repeal by a two-thirds vote of the legislature. I am obviously not prepared to say what the effect of a determination that ousts the legislature of all but the power to veto guideline revisions might be on any particular guideline issue, see Pacheco v. State, 485 So.2d 1379 (Fla. 3d DCA 1986), or, indeed, on the continued viability of the guidelines concept as a whole  particularly in view of the fact that the legislature was the moving force behind their enactment in the first place. See § 921.001 et seq., Fla. Stat. (1983), note 4, infra.
[3] In my view, this is not the case because, as Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) says, district courts lack the juridical authority to do anything but follow the latest opinion of the Supreme Court of Florida. I think it self-evident that, to the contrary, we have the power to rule as we see fit on all cases within our jurisdiction, subject only to authorized review. Rather, we must ordinarily follow the Supreme Court for the reason that we have the moral obligation to decide the cases before us in accordance with what the law actually is, whether we agree with it or not. Since it is the Supreme Court which establishes the Florida law, we are required to apply the law it would apply. Thus, the task of all Florida judges in all Florida cases is essentially to determine what the Supreme Court would hold and to rule accordingly. A Supreme Court decision on the identical subject is obviously the best evidence of this intent and is therefore almost always  but not invariably, see Bohn v. Rhoades, 121 So.2d 777 (Fla. 1960) affirming, Rhoades v. Bohn, 114 So.2d 493 (Fla. 1st DCA 1959); Hoffman v. Jones, supra  determinative of the issue. (When there is no controlling Supreme Court decision, we all silently indulge the pleasing presumption that the high court would hold in accordance with the decision which we deem the correct one.) In any event, however, we do all this, I think, only because we are bound, as responsible and lawful judges to judge and act according to the right, not because we are not legally permitted and do not possess the judicial independence, to rule incorrectly  or, to put it more accurately, to make an erroneous assessment of what the Supreme Court would do.
[4] This fact is forcefully demonstrated by the meticulous and fulsome attention given to all manner of guidelines issues by the Supreme Court and the district courts of appeal. Such treatment would plainly be unjustified if the requirements of the guidelines are mere procedural wrinkles which do not affect substantive rights. See § 921.001 (1), Fla. Stat. (1983) ("The provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature.")
[5] To the only hypothetical example of the consequences of the contrary holding that the guidelines are procedural, the possible disparate treatment of co-defendants, see Wilkerson v. State, 480 So.2d 213, 215 (Fla. 1st DCA 1985) (Barfield, J., concurring), I would add the actual facts of this case in which the appellant's sentence was increased by ten years because his sentencing was delayed by one week.
[6] See, e.g., Richardson v. State, 472 So.2d 1278 (Fla. 1st DCA 1985); Fenton v. State, 466 So.2d 15 (Fla. 2d DCA 1985) (state concession); Arnett v. State, 471 So.2d 547 (Fla. 4th DCA 1985); Mott v. State, 469 So.2d 946 (Fla. 5th DCA 1985).