PER CURIAM.
The only substantial question presented on this appeal[1] challenges the application of the sentencing guidelines, pursuant to which the defendant was given a life sentence without parole, for a crime which occurred on January 19, 1984, before the guidelines were enacted by the legislature. Pacheco contends that the promulgation of the guidelines by the Supreme Court alone was an invalid assertion of purely legislative power. See State v. Cande, 478 So.2d 1362, 1363 (Fla. 3d DCA 1985) (Schwartz, C.J., specially concurring). We reject this contention and affirm on the authority of the holding in State v. Jackson, 478 So.2d 1054 (Fla.1985) that the sentencing guidelines are procedural in nature. It follows from this determination that the Supreme Court possessed the authority to adopt the guidelines as rules of practice and procedure pursuant to Article V, Section 2 of the Florida Constitution. But see § 921.-001(4)(b), Fla.Stat. (1983).
We certify to the Supreme Court of Florida that this decision passes upon the following question of great public importance:
Whether the sentencing guidelines are procedural in nature so as to authorize their adoption by the Supreme Court without approval by the legislature. Affirmed.

. The other issues present no error and require no discussion.