**Luis A. PACHECO,**
**Petitioner–Appellant,**

**v.**

**Richard DUGGER,**
**Respondent–Appellee.**

No. 87–5610
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1988.

Luis A. Pacheco, Olustee, Fla., pro se.

Robert Butterworth, Atty. Gen., State of Fla., Tallahassee, Fla., Richard A. Polin, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondent-appellee.

Before TJOFLAT, HILL and CLARK, Circuit Judges.

PER CURIAM:

The appellant, Luis Pacheco, is a Florida prisoner convicted and sentenced on charges of burglary and sexual battery. He filed this petition in the district court under 28 U.S.C. § 2254 challenging his sentencing under the Florida sentencing guidelines and claiming that he was denied effective assistance of appellate counsel. The district court denied the petition, and Pacheco appeals. On appeal Pacheco makes three arguments. First, he claims that the sentencing guidelines promulgated by the Supreme Court of Florida under which he was sentenced were established through an improper delegation of legislative authority. Second, he argues that he was sentenced under the guidelines as amended by the Florida legislature after the date of the crime in violation of the *ex post facto* clause of the United States Constitution. And third, he claims that he was denied effective assistance of appellate counsel due to his counsel's failure to raise certain issues in his direct appeal. We affirm the judgment of the district court.

The appellant's first claim is that the sentencing guidelines under which he was sentenced were improperly promulgated by the Supreme Court of Florida. In 1983, the Florida legislature enacted legislation authorizing the Supreme court of Florida to establish a system of sentencing guidelines. Pursuant to this authorization, the Supreme Court developed guidelines which took effect on October 1, 1983. *See In re Rules of Criminal Procedure (Sentencing Guidelines)*, 439 So.2d 848 (Fla.1983). The appellant was charged with offenses committed on January 19, 1984, and he was sentenced under the guidelines as established by the Supreme Court of Florida.

■ Apparently aware of the limited scope of inquiry under section 2254, the appellant attempts to cast his first claim as a matter of federal constitutional law. It is clear, however, that the issue of whether the Supreme Court of Florida improperly exercised the legislative authority of the Florida legislature is strictly a matter of state law. The provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system of government, which is established in the state constitution. The district court properly rejected this claim as a ground for relief under section 2254.[1]

■ The appellant's second argument on appeal is that his sentence was unlawful because it was imposed in violation of the *ex post facto* clause of the federal constitution. The sentencing guidelines established by the Supreme Court of Florida in 1983 were amended by the Florida legislature in 1984, and the legislation establishing the amended guidelines became effective July 1, 1984. The crimes the appellant was charged with occurred on January 19, 1984. He argues that he was sentenced under the guidelines which were enacted by the legislature effective July 1, 1984, and that this sentencing violates the *ex*

---

1. The appellant raised the separation of powers question in terms of state law in his direct appeal. His argument was rejected based upon *State v. Jackson,* 478 So.2d 1054 (Fla.1985). *See Pacheco v. State,* 485 So.2d 1379 (Fla.App.1986). We note that the Supreme Court of Florida has now disavowed its opinion in *Jackson* in light of *Miller v. Florida,* —— U.S. ——, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). *See e.g., State v. Sueiro,* 515 So.2d 210 (Fla.1987); *Booker v. State,* 514 So.2d 1079 (Fla.1987). The Supreme Court of Florida has now adopted the position that the sentencing guidelines are substantive rather than procedural for purposes of *ex post facto* analysis. It is unclear, however, whether the court's change in position on the *ex post facto* question, a matter of federal constitutional law, will affect the court's position on the separation of powers question, which is a matter of state law.

*post facto* clause. It is clear, however, that he was sentenced pursuant to the guidelines which became effective on October 1, 1983, several months prior to the date of the offense charged. This does not violate the *ex post facto* prohibition. The appellant attempts to argue that he must have been sentenced under the guidelines enacted by the legislature because the guidelines established by the Supreme court were an invalid legislative act by the court. This amounts to no more than a restatement of his initial separation of powers argument, which, as noted above, is a matter of state law. The appellant's *ex post facto* claim is without merit.

The final claim raised in this appeal is ineffective assistance of appellate counsel. The appellant claims that his appellate counsel was ineffective due to his failure to raise the following three issues on direct appeal: (1) erroneous jury instructions and verdict form; (2) violation of the *ex post facto* clause of the United States Constitution; and (3) violation of the separation of powers provisions of the United States Constitution. Our discussion above reveals that the second and third issues which the appellant charges should have been raised are without merit. He was not sentenced pursuant to guidelines enacted after the date of the offenses charged, and the separation of powers elements of the federal constitution do not apply to the relationship between the Florida legislature and the Supreme Court of Florida.[2] Therefore, the failure to raise these claims on direct appeal does not support a claim of ineffective assistance of appellate counsel.

■ The remaining claim which the appellant argues should have been raised by his appellate counsel is that the jury instructions and verdict form inaccurately charged him with a crime different than that stated in the indictment. While the indictment charged Pacheco with sexual battery involving the use or threatened use of a deadly weapon, the jury instructions and the verdict form referred to the crime as "sexual battery with great force." It is clear, however, that this discrepancy was immaterial. The jury instructions made it clear that an essential element of the crime was the use or threatened use of a deadly weapon, and the instruction specifically defined the term "deadly weapon." Given this complete instruction, the slight discrepancy in the title which was used to describe the crime was insignificant, and the failure of appellate counsel to raise this argument certainly did not render his assistance constitutionally deficient.

For the reasons discussed above, the judgment of the district court denying the appellant's section 2254 petition is

AFFIRMED.

---

2. As noted above, *see supra* n. 1, Pacheco's appellate counsel *did* raise the question of whether the Supreme court of Florida's enactment of sentencing guidelines violated the Florida Constitution. Additionally, his appellate counsel challenged the sufficiency of the evidence and the calculation of his sentence.