CAMPBELL, Acting Chief Judge.
Appellant was charged with two counts of armed robbery in 1979. In 1980, pursuant to a plea bargain, he pled guilty to the charges and was sentenced to twenty-five years prison and concurrent life probation. In 1992, appellant pled guilty to violating his probation. He elected sentencing under the guidelines and was sentenced to seven years prison followed by life probation.
In this appeal, appellant first challenges the legality of the original 1980 sentence. That sentence is not appealable after appellant served his prison term and pled guilty in 1992 to violating the 1980 probation. He specifically accepted the resulting term of years sentence imposed for that 1992 probation violation and reserved only the right to appeal the 1992 sentence of life probation. He cannot, after his guilty plea, now challenge the original sentence of probation in 1980.
The remaining point to consider is appellant’s challenge to the 1992 sentence of life probation. Under Wright v. State, 467 So.2d 322 (Fla. 1st DCA 1985), a true split sentence of more than one year of incarceration plus probation cannot be imposed for offenses committed before 1983. The limitation of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980), on the period of incarceration in split sentences still applies to crimes committed prior to 1983, despite the enactment of section 921.187(7), Florida Statutes (1983), which allows split sentences of one year or more incarceration to be followed by probation for crimes committed after August 1, 1983.
Since appellant’s offenses occurred prior to 1983, the portion of his sentence providing for probation is improper. We reverse the probationary term of appellant’s 1992 sentence and remand for treatment accordingly.
HALL and THREADGILL, JJ., concur.