ANDREWS, Judge.
Jack Franklin Feldman, Jr., appeals .a judgment and sentence entered pursuant to a jury verdict finding defendant guilty of robbery.
Defendant assigns as error the failure of the trial court to grant defendant’s motions for a mistrial because of alleged improper questions propounded by the state’s attorney.
One of the state’s witnesses was asked by the prosecutor whether she ever knew defendant to use any drugs or narcotics. The witness answered no. Defense counsel objected to the question and moved for a mistrial. The court sustained the objection but denied the motion for a mistrial. The court immediately instructed the jury to disregard the question and answer.
*49 While the defendant was being cross-examined, the prosecutor inquired of defendant whether he had ever gone under the name of Fields. When the defendant answered, “Yes”, the prosecutor asked if there was any particular reason for this. Defense counsel objected to the question and again moved for a mistrial. The court sustained the objection but denied the motion for a mistrial. Thereafter, in the course of further cross-examination the defendant answered “Yes” to the following question, the propriety of which is not questioned: “Have you ever been convicted of a crime in the Court of Record in Florida ?”
Defendant contends that the trial court erred in denying his motions for a mistrial because both of the above questions imply other criminal involvement and improperly attacked his reputation.
Where an improper question is asked a witness, the proper procedure is for the defendant to request the court to instruct the jury to disregard the objectionable remark. A mistrial should not be entered by the court unless the remarks are such that instructing the jury to disregard them would not cure the error. Morris v. State, 1930, 100 Fla. 850, 130 So. 582. The court’s instruction to the jury to disregard the question concerning the defendant’s use of drugs was sufficient to cure the error and the first motion for a mistrial was properly denied.
Defendant urges that the question by the state concerning the defendant’s use of the name Fields also implies criminal involvement. Defendant asserts that the suggestion of an alias to the jury so prejudiced the jury that the court should have granted his second motion for a mistrial.
Considering the record of the trial as presented to this court, we are of the opinion that the question concerning the use of the name Fields was not of such a prejudicial nature as to vitiate the result reached. When an alleged error does no substantial harm, as is the situation here, and the defendant is not materially prejudiced by the occurrence, the court should deny the motion for a mistrial. Perry v. State, 1941, 146 Fla. 187, 200 So. 525.
Affirmed.
WALDEN, C. J., and CROSS, J., concur.