297 So.2d 53 (1974)
Frank A. TOTH, Appellant,
v.
STATE of Florida, Appellee.
No. 73-799.
District Court of Appeal of Florida, Second District.
July 3, 1974.
Michael S. Moreland, Fort Myers, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
In this appeal from a judgment and sentence to ten years in the state prison, Toth claims that he was denied a fair and impartial trial in the court below.
On February 13, 1973, after RCrP 3.170(f), 33 F.S.A., had become effective, Toth changed his plea of not guilty to guilty of breaking and entering with intent to commit grand larceny. On April 30, 1973, Toth was permitted to withdraw his guilty plea, and trial was set on his plea of not guilty.
During the trial, in answer to a question by the prosecuting attorney regarding the reason for the return of the evidence to the owner, a witness for the state replied that they had received a court order from the state attorney's office that Mr. Toth had pled guilty to the charge. Defense counsel immediately objected to the remark and stated that the statement was very prejudicial to his client. The lower court overruled the objection without striking the remark or instructing the jury to disregard it.
Rule 3.170(f) of the Rules of Criminal Procedure provides, in part:
"The fact that a defendant may have entered a plea of guilty and later withdrawn said plea, may not be used against him in a trial of that cause."
The mention of the withdrawn guilty plea was highly prejudicial to Toth. Defense counsel timely objected to the remark, *54 and was entitled to have it cured. The lower court erred in overruling the objection.
We have reviewed the other points raised by appellant and find them to be without merit.
Reversed and remanded for a new trial.
McNULTY and BOARDMAN, JJ., concur.