443 So.2d 1053 (1984)
Donald Earl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AP-199.
District Court of Appeal of Florida, First District.
January 10, 1984.
William R. Slaughter, Live Oak, for appellant.
Jim Smith, Atty. Gen. and Wallace Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
*1054 JOANOS, Judge.
Williams appeals his conviction for murder in the first degree by arguing that the trial court erroneously denied his motion for mistrial and erroneously allowed impeachment testimony. We affirm.
During Williams's trial for murder and attempted robbery, the prosecution called LeWayne Henderson (Henderson) to testify regarding his own, Williams's and Ernest Turner, Jr's. (Turner) involvement in the attempted robbery in which a gas station attendant died of a gunshot wound. Henderson had been convicted of first degree murder in a previous trial for the same crime. On voir dire and out of the jury's presence, Henderson testified that he had no knowledge of what happened and denied any involvement in the crime. The prosecution asked that Henderson be called as a court witness and it be allowed to contradict Henderson by other evidence. Williams objected that the state should not be allowed to impeach its own witness under the circumstances. The trial court instructed the jury that Henderson was to be called as the court's witness because the state could not vouch for his credibility. Henderson, testifying before the jury, denied he made any statements that he, Williams or Turner were involved in the crime. Henderson was then asked if he had told a deputy sheriff moments before being called to testify that Williams had said something which caused him (Henderson) not to testify. Henderson responded, "[w]ell, yes, it was that, but it just was talk, something like hearsay, you know, some inmates at the county jail." After his motion for a mistrial was denied, Williams declined to cross-examine Henderson.
Turner, who had pled guilty to second degree murder and was sentenced to life imprisonment, testified that he, Henderson and Williams planned the robbery and that Henderson and Williams shot the gas station attendant.
After voir dire and a jury instruction that the testimony was to be used only to judge Henderson's credibility, Officer Bridges testified that, a few days before trial, Henderson had made two separate statements implicating himself, Turner and Williams.
Williams does not now argue any impropriety in the trial judge's calling Henderson as a court witness. Given the state's inability to vouch for Henderson's credibility, we find no abuse of discretion in the trial court's action. Armstrong v. State, 399 So.2d 953, 959 (Fla. 1981).
Once Henderson became a court witness, he was subject to cross-examination by all parties. Section 90.615(1), Florida Statutes (1981). It is well established that a wide range of cross-examination is permitted to impeach the credibility of a witness. Steinhorst v. State, 412 So.2d 332, 337 (Fla. 1982). The state's inquiry into whether Henderson had told a deputy sheriff he was threatened was no more than a question directly affecting his credibility and a foundation for the introduction of impeachment evidence. Where the question and answer were not of themselves such an inflammatory nature as to deny a fair trial, the proper procedure is to object and request curative instructions. Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974). Absent any objection or request for curative instructions, there has been no showing of an abuse of discretion by the trial judge's failure to declare a mistrial.
As a court witness, Henderson was subject to impeachment by the use of prior inconsistent statements. Chapman v. State, 302 So.2d 136 (Fla. 2d DCA 1974). Before Officer Bridges was allowed to testify before the jury, the trial judge instructed the jury that his testimony was to be used for the limited purpose of determining Henderson's credibility, and specifically instructed them not to use the testimony as evidence of Williams's guilt or innocence. Given the limiting instruction, the trial court properly allowed the prior inconsistent statements to impeach Henderson's credibility. Mabery, at 138. See also, Mazzara v. State, 437 So.2d 716 (Fla. 1st DCA 1983).
*1055 We note that the prior inconsistent statements, properly admitted for impeachment purposes, could not be used as substantive evidence of Williams's guilt. McNeil v. State, 433 So.2d 1294 (Fla. 1st DCA 1983). Here, however, unlike in McNeil, there is sufficient substantive evidence upon which the jury could base its verdict.
The judgment and sentence appealed are AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.