PER CURIAM.
Appellant raises various contentions concerning his sentence of thirty months for battery on a law enforcement officer. We find merit in one of those contentions.
The trial court departed from the presumptive sentence under the sentencing guidelines apparently due to the revocation of appellant’s probation. However, no reasons therefor were given either in writing or in the transcript of the hearing. Rule 3.701 Fla.R.Crim.P. was amended to provide that no reason need be given for increasing the presumptive sentence under the guidelines to the next higher cell by reason of revocation of probation. However, the amendment was not adopted until after the sentencing of appellant here. See Carter v. State, 452 So.2d 953, 954 n.3 (Fla. 5th DCA 1984). Accordingly, there was a failure to comply with rule 3.701(d)(ll) requiring written reasons for departures from the guidelines.
Therefore, we remand for resentencing not inconsistent with this opinion.
BOARDMAN, A.C.J., and DANAHY and LEHAN, JJ., concur.