463 So.2d 458 (1985)
Freeman FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1134, 84-1135.
District Court of Appeal of Florida, Second District.
February 6, 1985.
James Marion Moorman, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Defendant appeals from his sentence outside the recommended scoresheet range. We vacate the sentence imposed and remand for resentencing not inconsistent with this opinion.
While defendant was serving three concurrent probationary terms, two seven-year terms for aggravated battery, and one five-year term for delivery of cannabis, his probation was revoked. He was subsequently sentenced to 4 1/2 years' imprisonment instead of some term within the recommended guidelines range of thirty months to 3 1/2 years.
*459 The trial court departed from the guidelines by increasing defendant's sentence one year, apparently relying on amended rule 3.701, Florida Rules of Criminal Procedure. Under amended rule 3.701, a sentence imposed after revocation of probation may be raised to the next higher cell without requiring a reason for departure. Defendant was sentenced on May 11, 1984, before the amended rule became effective on July 1, 1984. See Tackett v. State, 458 So.2d 368 (Fla. 2d DCA 1984). The amended rule may not be retroactively applied. Carter v. State, 452 So.2d 953, 954, n. 3 (Fla. 5th DCA 1984).
Notwithstanding amended rule 3.701, a violation of a substantive condition of probation may constitute a valid reason for sentencing beyond the presumptive sentence. Carter. However, the trial court must provide written reasons for departure or articulated reasons in the transcript of the hearing. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984). The transcript reveals that the court's sole reason for departure was misplaced reliance on amended rule 3.701. Thus, the trial court failed to articulate any valid reason for sentencing outside the guidelines. This cause is remanded for resentencing under the guidelines in effect at the time of defendant's sentencing from which he appealed.
Sentence VACATED and case REMANDED.
SCHEB, A.C.J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.