465 So.2d 1269 (1985)
William Earl HOPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1169.
District Court of Appeal of Florida, Second District.
February 22, 1985.
Rehearing Denied March 29, 1985.
James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
*1270 Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, William E. Hopper, appeals from a four and one-half year sentence for armed burglary. We reverse and remand for resentencing.
Appellant was sentenced on May 17, 1984. The guidelines scoresheet initially presented to the trial court reflected a total of eighty points and a recommended sentence of three years imprisonment. Rather than accepting this point total and sentencing appellant accordingly, the court, apparently relying upon amended rule 3.701, Florida Rules of Criminal Procedure, considered a recalculated point total of ninetytwo points. The court then sentenced appellant to four and one-half years imprisonment.
Armed burglary is a first-degree felony punishable by imprisonment for a term of years not exceeding life imprisonment. § 810.02(2)(b), Fla. Stat. (1983). The guidelines category-five burglary scoresheet in effect at the time appellant was sentenced provided point assessments for a life felony and a first-degree felony, but did not assess separate points for a first-degree felony punishable by life imprisonment. The original scoresheet correctly scored appellant's armed burglary charge as a first-degree felony, Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984), and correctly assessed four points against him under the prior record category.
Under amended rule 3.701, the recalculated scoresheet would also have been correct. The amended rules assess additional points for a first-degree felony punishable by life imprisonment and also provide additional points for more than four misdemeanors under the prior record category. The amended rule did not become applicable, however, until July 1, 1984. Ch. 84-328, § 3, Laws of Fla.[1]; The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). Since appellant was sentenced prior to July 1, 1984, and the amended rules may not be applied retroactively, the court erred to the extent it considered the recalculated scoresheet. Frazier v. State, 463 So.2d 458 (Fla. 2d DCA 1985); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
Furthermore, the fact that the guidelines are going to be amended in the future is not a valid reason for departure. Accordingly, since the court could not consider the amended guidelines, and the record does not provide valid reasons for departure from the guidelines, we vacate appellant's sentence and remand for resentencing in accordance with the guidelines in effect at the time of appellant's original sentencing. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and FRANK, J., concur.
NOTES
[1] See § 921.001(4)(b), Fla. Stat. (Supp. 1984).