468 So.2d 1018 (1985)
James Ernest MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2188.
District Court of Appeal of Florida, Fourth District.
April 17, 1985.
Rehearing Denied June 5, 1985.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We vacate the sentence because the trial court erroneously applied a stiffening of the sentencing guidelines pertaining to sexual offenders, contained in the Florida Rules of Criminal Procedure, that did not become effective until after the appellant committed the instant offense. A rule change that has a disadvantageous effect on an offender does not apply to crimes committed before the effective date of the rule change. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); State v. Williams, 397 So.2d 663, 665 (Fla. 1981); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); Arnold v. State, 429 So.2d 819 (Fla. 2d DCA 1983).
We remand for resentencing in accordance with the sentencing guidelines in effect at the time the offense was committed. We observe that the same sentence is possible if clear and convincing reasons for departure from the then applicable guidelines are stated in writing.
HERSEY, GLICKSTEIN and BARKETT, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellee's motion for rehearing. In doing so, we would like to comment on two cases dealing with the amendments to the sentencing guidelines.
*1019 Hopper v. State, 465 So.2d 1269 (Fla. 3d DCA 1985), and Frazier v. State, 463 So.2d 458 (Fla. 2d DCA 1985), involved situations where the trial court applied the amendments to the sentencing guidelines at a hearing that took place before the effective date of the amendment. In reversing, the appellate court stated that the amended guidelines were not to be applied retroactively and remanded the case for resentencing in accordance with the guidelines in effect at the time of defendant's original sentencing.
These cases do not involve retroactive application. They involve application of the amendments to the guidelines before their effective date. Further, the court's language remanding for resentencing in accordance with the guidelines in effect at the time of the original sentencing is not inconsistent with our holding here, as the court was referring to the original guidelines which correlate their effective date to the date of a defendant's offense.
HERSEY, GLICKSTEIN and BARKETT, JJ., concur.