471 So.2d 1353 (1985)
Harold BORDEAUX, Appellant,
v.
STATE of Florida, Appellee.
No. BA-170.
District Court of Appeal of Florida, First District.
July 2, 1985.
Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Gary Printy, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Defendant appeals a sentence for burglary of a structure. We reverse and remand for resentencing.
Defendant was originally charged by information with burglary of a dwelling with intent to commit battery, alleged to have occurred on June 19, 1983. He entered a plea of guilty to the lesser included offense of burglary of a structure on October 24, 1983. Defendant elected to be sentenced under the sentencing guidelines and a scoresheet was prepared by the Department of Corrections in November 1983.
Subsequent to November 1983 but prior to the sentencing hearing on May 24, 1984, two events occurred. First, defendant's attorney discovered that defendant had a number of prior convictions in the State of North Carolina and relayed this information to the Department of Corrections. Second, the Department received a memorandum dated February 9, 1984, from the Director of the Sentencing Guidelines Commission. The memorandum, which was addressed to "Members of the Bench, Bar, and Others Serving in the Criminal Courts," referred to a February 3, 1984, meeting of the Commission and stated that "[t]hree changes were made at that meeting which are intended to have immediate force and effect." The third "change" was listed as follows:
[T]he Commission disapproved the Manual Comment following Rule 3.701(d)(5), p. 3, Guidelines Manual, which limited same-category conviction scoring to felony offenses. The following sentence was struck:
"Scoring is limited to prior felony convictions included within the category."
In consideration of the newly-discovered prior convictions and the February 9, 1984 memorandum, the Department recalculated defendant's scoresheet. The revision resulted in a total of 100 points and a recommended range of 3 1/2 to 4 1/4 years. In addition to 20 points under section I of the scoresheet ("primary offense at conviction"), defendant received 10 points under section III A ("prior record") and 70 points *1354 under section III B ("prior convictions for category 5 offenses"). The 70 points under section III B were calculated by multiplying 14 (1 prior felony and 13 prior misdemeanor convictions) by the scoresheet factor of 5. At the sentencing hearing on May 24, 1984, the recommendation of the revised scoresheet was used and the court sentenced defendant to 4 years imprisonment.
Defendant argues on appeal that the inclusion of the 13 prior misdemeanor convictions under section III B, pursuant to the Commission's memorandum, was improper and that 65 points should be removed from section III B, resulting in a total of 35 points and a recommended sentence of any non-state prison sanction. We agree.
In 1983 the Sentencing Guidelines Commission printed a "Sentencing Guidelines Manual." The Manual, in addition to the sentencing guidelines (Rules 3.701 and 3.988, Fla.R.Crim.P.), contained both Committee Notes and "Comments." The Comment following Rule 3.701(d)(5) printed in the Manual stated:
Categories 3, 5, and 6 contain an additional factor to be scored under the heading of prior record: prior convictions for similar offenses. Prior convictions scored under this factor should be calculated in addition to the general prior record score. Scoring is limited to prior felony convictions included within the category.
Neither the rule nor the Committee Note, however, provided any guidance whatsoever regarding the scoring of prior convictions for similar offenses on category 3, 5, and 6 scoresheets.
While the supreme court has clearly adopted the Committee Notes as part of the official sentencing guidelines,[1] "no such imprimatur has been accorded the Commission's Comments." Cuthbert v. State, 459 So.2d 1098 at 1100, n. 2 (Fla. 1st DCA 1984). Further, the Second District, in State v. Viamari, 462 So.2d 1154, 1155, n. 1 (Fla. 2d DCA 1984), stated that "[b]ecause the supreme court does not adopt or approve the comments, we feel that said comments are merely `helpful hints' to attorneys and are not binding." Indeed, the "Comments" have apparently never been printed in either the supreme court opinions adopting the amendments to the guidelines since 1983, nor in the Florida Rules of Criminal Procedure, but have appeared only in the original 1983 Sentencing Guidelines Manual.
Defendant's trial attorney, Mr. Norton, objected to the use of the revised scoresheet at the sentencing hearing and argued (1) that the recalculation according to the Commission's memorandum resulted in an ex post facto application of the amended rules and (2) that defendant's plea of guilty was based specifically upon Mr. Norton's reliance on the "Comment" appearing in the manual. We decline to address the defendant's ex post facto argument regarding the Commission's change in the unofficial Comment. We do feel, however, that the calculation of prior misdemeanor convictions as same-category offenses is improper, regardless of the unofficial status of the Comment.
There are several factors which we consider in reaching this conclusion. First is the fact that the sentencing guidelines themselves apply only to felonies. Section 921.001(4)(a), Florida Statutes. Indeed, the sentencing guidelines scoresheets for each of the nine offense categories enumerated in Rule 3.701(c), Fla.R.Crim.P., allow for the calculation of felonies only. Misdemeanors cannot be scored as primary offenses at conviction. Rule 3.701(c) breaks the offenses to which the guidelines apply into nine categories. The language of the rule in describing Category 9 as "[a]ll other felony offenses" could be read to imply that the preceding 8 categories encompass only felonies. Further, the supreme court has recently approved the adoption of the original Comment to Rule 3.701(d)(5) as an official rule. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). Pending approval of the Legislature, Rule 3.701(d)(15) will be *1355 added to the sentencing guidelines, to read as follows:
Categories 3, 5, and 6 contain an additional factor to be scored under the heading of Prior Record: Prior convictions for similar offenses. Prior convictions scored under this factor should be calculated in addition to the general prior record score. Scoring is limited to prior felony convictions included within the category.
While we realize that this amendment will not become effective until it is formally adopted by the Legislature, we find it to be indicative of the Commission's original intent that same-category convictions be limited to felonies.[2]
In light of the above factors, we find that it was improper for the trial court to include 13 prior misdemeanor convictions in the calculation of defendant's scoresheet. Accordingly, defendant's sentence is reversed and remanded for resentencing, with instructions to remove 65 points from the scoresheet total.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984).
[2] See also this court's recent opinion in Holder v. State, 470 So.2d 88 (Fla. 1st DCA 1985.)