472 So.2d 792 (1985)
Olin J. DEWBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. BC-430.
District Court of Appeal of Florida, First District.
July 2, 1985.
*793 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory C. Costas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Dewberry appeals from the imposition of sentence under the sentencing guidelines. As grounds, he alleges that the trial court used an incorrect scoresheet to arrive at his recommended sentence. We agree, but affirm because the identical recommended sentence would be achieved using the proper scoresheet.
Dewberry committed his crimes on 12 December 1983. He pled guilty and was sentenced on 7 September 1984, using the Category 2 (sexual offenses) scoresheet as amended and effective 1 July 1984. The sheet reflected a point total of 1304, corresponding to a recommended sentence of "life." Dewberry did not object to the sentence below. He now contends on appeal that the court should not have used the amended sheet to sentence him, but rather the sheet as it read at the time his offenses were committed, which would have resulted in a lower point total (1131 points). This total also corresponds to a recommended sentence of "life."
We recognize that appellate correction of the alleged error could have no practical effect on Dewberry's recommended sentence. However, such moot points may be addressed if "the questions presented are of general public interest and importance, or unless such judgment as this court might enter would affect the rights of parties." State v. Kinner, 398 So.2d 1360, 1362 (Fla. 1981). Because it is possible that other situations may arise where a defendant has committed his crimes during the effective period of an *794 "old" scoresheet but is sentenced after the effective date of a "new" one, we address the question raised by Dewberry.
We agree that it is the scoresheet in effect at the commission of a defendant's crime which should be used in sentencing that defendant, if an amendment, occurring and effective after the commission, would attach legal consequences to his crimes which would affect him disadvantageously. State v. Williams, 397 So.2d 663, 665 (Fla. 1981). Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985), similarly involved a change in the guidelines not effective until after the offense had been committed.
The court, relying on Williams, held that "[a] rule change that has a disadvantageous effect on an offender does not apply to crimes committed before the effective date of the rule change."
Supporting the view that the rules in effect at commission should apply is the decision in Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), aff'd 330 So.2d 10 (Fla. 1976). In that case, the defendant claimed entitlement to a statutory amendment occurring after commission and before trial which changed the punishment for his crime from ten years to five years. The court rejected his contention, stating that
the amendment of a criminal statute does not affect .. . the ... punishment of a crime committed before the amendment became effective... . [P]unishments provided by statute at time of the offense are controlling over different punishments provided by changes in the criminal statute prior to trial.
Although a criminal rule is involved in this case and not a statute, the rule establishes the punishment a defendant will receive through its assignment of point values to factors concerning the offense and offender. Therefore, the "punishment" provided by rule at the time of Dewberry's offense should control and the trial court erred in using the new sheet.
However, reversal and remand for resentencing would serve no purpose since use of the proper sheet would result in the same recommended sentence. In Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981), the court determined that the trial court had erred in failing to give a required jury instruction, but noted that, because of changes in the standard jury instructions, which would control at any retrial, the instruction would not be required. The court therefore affirmed the trial court, stating:
We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief. Since no practical result can be attained by ordering a retrial on the failure to give the charge ..., we affirm.
Accord Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982); State v. Strasser, 445 So.2d 322 (Fla. 1983). Similarly, "no practical result can be attained" by remand for resentencing herein.
AFFIRMED.
THOMPSON, J., concurs.
SMITH, J., specially concurs with opinion.
SMITH, Judge, specially concurring.
I concur for the reasons stated in Judge Mills' opinion, and would only add that our holding prohibiting retroactive application of amendments to the guidelines is consistent with prior decisions of this court. Barnes v. State, 461 So.2d 216 (Fla. 1st DCA 1984); Saunders v. State, 459 So.2d 1119 (Fla. 1st DCA 1984); Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984); Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); and Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).