ON MOTION FOR REHEARING OR CLARIFICATION
COBB, Chief Judge.
On rehearing, the appellant argues that this court erred in affirming the lower court’s sentence when the recommended guidelines sentence was three years and the court imposed a split sentence totaling fifteen years (twelve years of probation) without giving a clear and convincing reason for departure. The offense had occurred prior to the effective date of the July, 1984, amendment to Florida Rule of Criminal Procedure 3.701, Committee Note (d)(12). This new amendment allows the non-incarcerative portion of a split sentence to exceed the presumptive guidelines sentence, so long as the total sanction does not exceed the statutory maximum. The prior rule held that the total sanction imposed, i.e., a combination of incarceration and probation, could not exceed the guidelines sentence without a basis for departure.
This court has recently held in Mott v. State, 469 So.2d 946 (Fla. 5th DCA 1985), and Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), that the application of an amendment to the sentencing guidelines where the offense occurred prior to the enactment of the amendment, is a violation of the ex post facto doctrine. Thus, the motion for rehearing is granted, and this case is reversed and remanded to the trial court to either impose sentence according to the guidelines in effect at the time the offense was committed, or state clear and convincing reasons for departure from the then applicable guidelines. See Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985).
REVERSED and REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.