WIGGINTON, Judge.
Appellant was adjudicated guilty of, and received concurrent sentences for, attempted sexual battery, burglary, kidnapping, and false imprisonment.[1] The offenses were committed on December 21, 1983. Prior to sentencing, rule 3.70M3., Florida Rules of Criminal Procedure, was amended, effective July 1, 1984.[2] In sentencing appellant, the trial court utilized the amended version of the rule in determining appellant’s primary offense at conviction to be kidnapping.[3] Appellant now objects to the court’s applying the amended rule, arguing that the court should have applied the version of the rule in effect on the date of the commission of the offenses.[4] The signifi- *714 canee of this error, appellant maintains, is that under the pre-amendment version of rule 3.701d3., the recommended sentence would have been three and one-half to four and one-half years, since under that former rule, faced with two offenses of the same degree, i.e., burglary and kidnapping (both second degree felonies), the trial court would have been required to utilize the offense in the lowest numerical offense category, or burglary (category 5). Instead, by the court’s applying the amended rule and thereby arriving at kidnapping as the primary offense, appellant’s points fell within the recommended range of twelve to seventeen years, the court choosing to sentence appellant to the outer limits of seventeen years’ incarceration.[5]
Since the amended rule clearly has a disadvantageous effect on the length of appellant’s sentence, we agree that the court should have utilized the rules in effect on the date of the commission of the crimes. The application of the amended sentencing guidelines to appellant’s sentence would be ex post facto and unconstitutional. Richardson v. State, 472 So.2d 1278, (Fla. 1st DCA 1985); cf. Dewberry v. State, 472 So.2d 792, (Fla. 1st DCA 1985).
The State argues that appellant is not entitled to our review of this issue since he failed to make a contemporaneous objection at sentencing. We disagree. See Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); but cf. Dailey v. State, 471 So.2d 1349, (Fla. 1st DCA 1985).
REVERSED and REMANDED for re-sentencing consistent with the views expressed in this opinion.
BOOTH, C.J., concurs.
BARFIELD, J., concurs specially with an opinion in which BOOTH, C.J., concurs.

. Appellant was also convicted of sexual battery but was not sentenced thereon.

. Chapter 84-328, sections 1, 3, Laws of Florida; The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984).

. Rule 3.701(d)(3), as amended, reads as follows:
(3) “Primary offense” is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined in the following manner:
(a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction” with the other offenses at conviction scored as "additional offenses at conviction.”
(b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.

.Prior to July 1, 1984, Rule 3.701(d)(3) provided:
(3) "Primary offense” is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined on the basis of the following:
(a) The offense with the highest statutory degree, in the order of life felony, first-degree *714 felony punishable by life, first-degree, second-degree, and third-degree felonies; and
(b) In the event of two (2) or more offenses of the same degree, by the lowest numerical offense category.

. Appellant was also sentenced on the remaining offenses, receiving five years for attempted sexual battery, eight years for burglary, and five years for false imprisonment, the sentences to run concurrently with the seventeen years.