NIMMONS, Judge.
Schmidt appeals from a sentence imposed pursuant to the sentencing guidelines. We reverse and remand for resen-tencing.
Schmidt was charged with a continuing felony offense, which occurred between January 1, 1983, and February 13, 1984. On July 11, 1984, appellant pled guilty, the state having agreed to recommend a sentence within the guidelines. At the sentencing on August 13, 1984, the trial court, over Schmidt’s objections, imposed sentence pursuant to the sentencing guidelines as amended July 1, 1984.
Under the July 1984 guidelines amendments, Schmidt’s score for his category 2 offense was 158 points with a sentencing range of 12-30 months incarceration. Under the former provisions, the guidelines score would have been 132 points with a sentence of any non-state prison sanction.
Schmidt is correct that he is entitled to be sentenced pursuant to the guidelines in effect at the time of the commission of the crime. This court has so held in Beggs v. State, 473 So.2d 9 (Fla. 1st DCA 1985) and Dewberry v. State, 472 So.2d 792 (Fla. 1st DCA 1985).
The remaining points on appeal also assert errors relating to the sentence. We do not reach such points in view of the reversal of the sentence and the defendant’s entitlement to resentencing.
Reversed and Remanded for resentenc-ing under the guidelines in effect on the date of the commission of the crime.
THOMPSON and WIGGINTON, JJ., concur.