HALL, Judge.
Between December 21, 1983, and April 12, 1984, appellant was charged with multiple counts of delivery and possession of drugs. On May 29, 1984, appellant entered pleas of guilty to each of the drug delivery charges and the state nol-prossed the possession charges.
Appellant was sentenced on July 13, 1984, to thirty months’ imprisonment on one case and fifteen years’ probation to run concurrently on each of the other cases. At the time appellant committed her crimes, the guidelines recommended a sentence in the range of twelve to thirty months’ imprisonment.
Appellant appeals her sentence contending that the trial court based its sentence on an amendment to Rule 3.701(d)(12), Florida Rules of Criminal Procedure, which became effective on July 1, 1984. Appellant asserts that the amended rule was retroactively applied.
We find appellant’s position to be correct. At the time she committed the crimes, Rule 3.701(d)(12) provided that even though separate sentences should be imposed for each offense, the total sentence cannot exceed the guidelines without written explanation.
In this case the maximum guideline range for appellant’s offenses was thirty months’ incarceration. Appellant’s total sentence of thirty months’ incarceration plus fifteen years’ probation exceeds that range. Had the trial judge listed the reasons for departure from the guideline range, appellant’s sentence may have been permissible under the applicable rule. However, no such reasons were given by the trial court.
Inasmuch as the amended rule, which became effective on July 1,1984, allows the total sanction to exceed the maximum guideline range up to the term provided by general law, it appears that the trial court sentenced appellant under the amended rule. Thus, the trial court applied the guidelines in effect at the time of sentencing instead of those in effect at the time of the crime and thereby applied the amendment retroactively. A rule change that has a disadvantageous effect on an offender *376 does not apply to crimes committed before the effective date of the rule change. Davis v. State, 480 So.2d 672 (Fla.2d DCA 1985); Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985).
Accordingly, we reverse appellant’s sentence and remand to the trial court for resentencing in accordance with the sentencing guidelines rule in effect when the crimes were committed. On remand the trial judge may either sentence appellant within the presumptive range or depart therefrom for clear and convincing reasons which should be stated in writing.
SCHEB, A.C.J., and OTT, J., concur.