480 So.2d 213 (1985)
Terry Joe WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. BE-452.
District Court of Appeal of Florida, First District.
December 23, 1985.
*214 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his guidelines sentence imposed after acceptance of his nolo contendere plea to a charge of lewd assault upon a child. He challenges the trial court's application of a 1984 amendment to Florida Rule of Criminal Procedure 3.701(d)(5)(c) in assessing his guidelines score. In light of a recent ruling of the Florida Supreme Court in State v. Jackson, 478 So.2d 1054 (Fla. 1985), we affirm.
The offense with which appellant was charged occurred on March 28, 1984, and appellant entered his nolo plea on October 30, 1984. Judgment and sentence were entered on January 8, 1985. On May 28, 1981, appellant had been convicted in juvenile court of lewd assault. The guidelines scoresheet prepared on appellant assessed eighty points for the May, 1981, conviction, giving him a total point score of 232, resulting in a recommended prison sentence of four and one-half to five and one-half years.
The original version of rule 3.701(d)(5)(c) provided that certain juvenile dispositions which occurred within three years of the current conviction shall be included in a defendant's prior record for scoring purposes. However, that rule was amended, effective July 1, 1984, to provide that certain juvenile dispositions which occurred within three years of the commission of the instant offense may be scored as prior record. At the sentencing hearing, defense counsel argued that since the present offense occurred prior to the effective date of the amendment, the original rule should apply in appellant's case; and, if the original rule applies, the prior conviction should not be scored since it occurred more than three years prior to the conviction in the instant case. The trial judge rejected defense counsel's argument and imposed the maximum sentence of sixty-six months (or five and one-half years), within the recommended guidelines range.
Numerous recent decisions from this Court have held that a disadvantageous guidelines amendment may not be applied when a defendant's crimes were committed before the effective date of the change. In Richardson v. State, 472 So.2d 1278 (Fla. 1st DCA 1985), the court stated:
The amended guidelines expose appellant to a greater penalty than the guidelines in effect on the date of his offenses and thus application of the guidelines would be ex post facto and unconstitutional.
See also Beggs v. State, 473 So.2d 9 (Fla. 1st DCA 1985); Dewberry v. State, 472 So.2d 792 (Fla. 1st DCA 1985); Ennis v. State, 475 So.2d 713 (Fla. 1st DCA 1985); Schmidt v. State, 475 So.2d 278 (Fla. 1st DCA 1985).
In the instant case, if appellant's guidelines scoresheet had been prepared pursuant to the original rule, appellant would have had a total of 152 points which would have resulted in a recommended sentence of community control or twelve to thirty *215 months' incarceration. Thus, obviously, the amendment to the guidelines was disadvantageous to appellant and under the above authorities, application of the amendment in this case would be considered error. However, in Jackson, the supreme court quashed that portion of this Court's ruling in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), in which this Court determined that, upon resentencing on remand, Jackson was entitled to be sentenced under the guidelines in effect at the time of the imposition of the sentence being reviewed (which was a sentencing on probation violation). Noting that the presumptive sentence established by the guidelines (which had been amended between the time of the sentencing on probation violation and the remand by this Court) did not change the statutory limits of the sentence to be imposed, the supreme court concluded in Jackson that
... a modification in the sentencing guidelines procedure, which changes how a probation violation should be counted in determining a presumptive sentence, is merely a procedural change, not requiring the application of the ex post facto doctrine... . We reject Jackson's contention that Weaver v. Graham, 450 U.S. 24 [101 S.Ct. 960, 67 L.Ed.2d 17] (1981) should control in these circumstances.
Although Jackson involved a remand on a resentencing due to probation violation whereas the instant case involves an original sentencing, we decline to draw a distinction on that ground since the underlying principle espoused by the supreme court in Jackson must apply equally to the circumstances in both cases. Thus, on the basis of the ruling of the supreme court in Jackson, we must abandon our previous viewpoint, as evidenced by our holdings in Richardson, Beggs, Dewberry, Ennis, and Schmidt, that the ex post facto doctrine forecloses application of a guidelines amendment which was not in effect at the time of commission of the crime or election of sentencing under the guidelines. We are compelled to follow the ruling of the supreme court, as we understand it to be, that the appropriate guidelines to apply in sentencing a defendant are the guidelines in effect at the time of the present sentencing; since the guidelines (and any amendments thereto) do not change the statutory limits of a sentence to be imposed for a particular offense and shall be considered procedural only, consideration of the ex post facto doctrine is not applicable to questions involving guidelines amendments. See O'Brien v. State, 478 So.2d 497 (Fla. 5th DCA 1985) which places the same interpretation on the Jackson ruling.
Recognizing the impact of our interpretation of the supreme court's ruling in Jackson, we certify the following question as one of great public importance:
WHETHER ALL SENTENCING GUIDELINES AMENDMENTS ARE TO BE CONSIDERED PROCEDURAL IN NATURE SO THAT THE GUIDELINES AS MOST RECENTLY AMENDED SHALL BE APPLIED AT THE TIME OF SENTENCING WITHOUT REGARD TO THE EX POST FACTO DOCTRINE.
Since the trial court applied the guidelines in effect at the time of the sentencing of appellant, in accordance with Jackson, we affirm.
WILLIS, BEN C. (Ret.), Associate Judge, concurs.
BARFIELD, J., concurs specially with an opinion.
BARFIELD, Judge, concurring:
I concur in the result in this case as being mandated by the decision of the Supreme Court in State v. Jackson, 478 So.2d 1054 (Fla. 1985). I have serious concern with the Supreme Court construction in Jackson which would characterize all sentencing guideline rules as procedural and not substantive and which would appear to eliminate constitutional considerations of equal protection and improper application of constitutionally prohibited ex post facto laws. One need only consider the disparate treatment between codefendants who are otherwise equal in the eyes of the court, but are sentenced on separate days by the *216 same or different judges with an intervening rule change that enhances the presumptive guideline range. Jackson should not be held to answer questions not before the court. It should be limited to the issue of appropriate rule application in probation revocation proceedings.