486 So.2d 22 (1986)
Ray PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. BA-434.
District Court of Appeal of Florida, First District.
March 20, 1986.
Rehearing Denied April 25, 1986.
Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant Ray Palmer appeals his conviction and sentence for felony petit theft, sections 775.084(1)(b)1 and 812.014(2)(c), Florida Statutes (1983). Palmer contends that the trial court should have granted his motion for mistrial, which was made after a state witness inadvertently testified to a previously offered guilty plea made by Palmer for the same offense. Palmer also asserts that he was incorrectly assessed 85 points on his sentencing guidelines scoresheet for seventeen prior petit theft misdemeanor convictions under scoresheet section III B, "Prior Convictions for Category 6 Offenses." We affirm in part, reverse in part, and remand for further proceedings.
At Palmer's trial, Allen Branch, owner of an IGA store located in Gainesville, testified that he observed Palmer take a chuck roast from the store's meat section, place it underneath his pants and shirt, and proceed towards the front door of the store, after which Palmer was detained by Branch and another employee before reaching the front exit. Branch was then questioned concerning the chain of custody of the chuck roast Palmer allegedly attempted to steal. In explaining his answer, Branch stated that he had been surprised to receive a subpoena from the state to testify *23 at Palmer's trial, because he thought Palmer "had already pleaded guilty." Appellant's trial counsel immediately moved for a mistrial; however, the trial court denied this motion, without either striking the testimony or cautioning the jury to disregard the witness's remark.
In analyzing appellant's contention that the trial court should have granted his motion for mistrial, we note that the question of whether a mistrial is proper falls within the trial court's discretion, Doyle v. State, 460 So.2d 353, 356 (Fla. 1984), and should not be granted unless an absolute legal necessity to do so exists. Wilson v. State, 436 So.2d 908, 911 (Fla. 1983); Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983). Generally, both a motion to strike the allegedly improper testimony as well as a request for the trial court to instruct the jury to disregard the proffered testimony are thought to be necessary prerequisites to a motion for mistrial. Williams v. State, 443 So.2d 1053 (Fla. 1st DCA 1984); Smith v. State, 365 So.2d 405 (Fla. 3d DCA 1978); Anderson v. State, 230 So.2d 704 (Fla. 2d DCA 1970); Feldman v. State, 194 So.2d 48 (Fla. 4th DCA 1967). In such circumstances, the trial court should not grant a mistrial unless the remarks are such that instructing the jury to disregard them could not cure the error; that is, the remarks constitute fundamental error. Feldman, supra, at 49. Since it is uncontroverted in the case at bar that appellant's trial counsel neither moved to strike nor requested a curative instruction, the dispositive question on this appeal becomes whether reference to a defendant's prior offer to plead guilty is fundamental error.
Although open to some doubt, we hold that the evidence suggestive of the fact that defendant had previously pled guilty to the crime for which he was on trial does not rise to the level of fundamental error. The remark complained of by appellant, that the witness "thought [appellant] had already pleaded guilty," constituted a mere statement of the witness' mistaken opinion, as the trial judge observed. Under the specific facts of this case, we do not believe that Branch's testimony was indelibly prejudicial to appellant, since this testimony could not reasonably be interpreted by the jury as a statement of fact known to Branch. In this regard, we distinguish the Second District Court of Appeal's decision in Toth v. State, 297 So.2d 53 (Fla. 2d DCA 1974), as involving a situation where the witness unequivocally testified as a matter of fact that he had received an order from the state attorney's office that Toth had already pled guilty to the charge for which he was on trial. Since the testimony of which appellant complained here was not fundamental error, and appellant's trial counsel failed to either move to strike the testimony or to request a curative instruction, the trial court did not abuse its discretion in denying a mistrial. Williams, supra.
As to appellant's second issue, we deem it appropriate to address this issue because it is "of general public interest and importance" concerning the sentencing guidelines. Dewberry v. State, 472 So.2d 792, 793 (Fla. 1st DCA 1985), receded from on other grounds, Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA, 1985). In Bordeaux v. State, 471 So.2d 1353, 1354 (Fla. 1st DCA 1985), we previously answered the question of whether prior misdemeanor, as opposed to felony, convictions could be scored as section III B "Prior Category 6 Offense Convictions." There we held that "... the calculation of prior misdemeanor convictions as same-category offenses is improper... ." Since the state has presented no cogent reasons why we should not adhere to Bordeaux, we find that Palmer's scoresheet was improperly calculated by inclusion of his seventeen petit theft misdemeanors scored as prior "Category 6" offense convictions. In light of our disposition of this case, we express no opinion concerning Palmer's alternative contention that the state failed to corroborate fifteen of the seventeen misdemeanor convictions. Cf. Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985).
*24 We affirm the judgment of conviction, and reverse and remand for resentencing.
BOOTH, C.J., and WENTWORTH, J., concur.