487 So.2d 294 (1986)
STATE of Florida, Petitioner,
v.
Lenard TAYLOR, Respondent.
No. 67605.
Supreme Court of Florida.
April 10, 1986.
*295 Jim Smith, Atty. Gen., and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
PER CURIAM.
We review Taylor v. State, 474 So.2d 285 (Fla. 5th DCA 1985), because of direct and express conflict with State v. Jackson, 478 So.2d 1054 (Fla. 1985). Art. V, § 3(b)(3), Fla. Const.
The issue is whether the trial court should apply those sentencing guidelines in effect at the time of the offense or those in effect at the time of the sentencing. The district court held that it is the former because application of the latter would violate the ex post facto doctrine. We disagree and quash the decision below. We also disapprove, in pertinent part, the case law relied on: Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985); Mott v. State, 469 So.2d 946 (Fla. 5th DCA 1985); Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985). The case is remanded for proceedings consistent with this opinion and Jackson.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and McDONALD, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which EHRLICH and SHAW, JJ., concur.
BARKETT, Justice, concurring specially.
I concur because this case is controlled by the decision of this Court in State v. Jackson, 478 So.2d 1054 (Fla. 1985). I agree, however, with Justice Ehrlich's dissent in that case which concludes that ex post facto protection should apply to the sentencing guidelines.
EHRLICH and SHAW, JJ., concur.