ZEHMER, Judge,
concurring in part and dissenting in part.
I concur in the majority decision only to certify the issue discussed as posing a question of great public importance and to affirm the issues not discussed in the opinion. I dissent to extending the holding in State v. Jackson, 478 So.2d 1054 (Fla.1985), to permit, under the facts of this case, retroactive application of the 1984 amendment to rule 3.988, Florida Rules of Criminal Procedure (adopted and implemented in accordance with section 921.001, Florida Statutes (1984), by chapter 84-328, section 1, Laws of Florida). Jackson is difficult, if not impossible, to reconcile with the principles espoused by the United States Supreme Court in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), regarding the application of the ex post facto doctrine to changes in the law that increase the degree of punishment for crimes committed prior thereto; and, for the reasons discussed in Justice Ehrlich’s dissent in Jackson, I would not extend that decision beyond the precise facts and issue there involved. See Judge Barfield’s concurring opinion in Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985).
I respectfully submit that our Supreme Court should take jurisdiction of the question certified in this case and in Wilkerson, and address anew the ex post facto doctrine in regard to changes in the sentencing guidelines law. Even though changes in that law may be properly characterized as entirely procedural, such changes nevertheless can and often do disadvantage the substantial rights of an accused to be sentenced to a term of imprisonment substantially less than the maximum statutory limit for that offense. An accused must be sentenced within the guidelines presumptive range unless the record contains substantive proof beyond a reasonable doubt of the existence of clear and convincing reasons for deviation therefrom. State v. Mischler, 488 So.2d 523 (Fla.1986). Unless the accused’s right to be sentenced within the guidelines presumptive sentence range is so substantial that imposition of sentence beyond the presumptive range can be said to disadvantage the accused within the meaning of Weaver v. Graham, I am at a complete loss to comprehend why the Florida district courts of appeal and the Supreme Court are required to expend so much judicial time and energy reviewing thousands of criminal cases involving deviating sentences to decide whether they exceed the bounds of judicial discretion and otherwise fail to conform to the requirements of the guidelines law. Unless the rights secured by the guidelines law are substantial enough to fall within Weaver v. Graham, it would seem appropriate to treat the failure of trial courts to comply with the law as harmless error in most cases. Yet, just the opposite result is the usual case under appellate decisions construing the law.
Protection against ex post facto laws is a constitutional right contained in both the federal and state constitutions. Most assuredly, the level of legal and judicial concern for uniformity in sentencing mandated by the guidelines law makes the line between a mere procedural right and a substantial substantive right so murkey and imprecise that further analysis in greater depth than that contained in the Jackson *395 opinion seems not only appropriate but desperately needed before retroactively applying a guidelines amendment that changes, after commission of the offense, the presumptive sentence to life imprisonment without right of parole rather than seventeen to twenty-two years’ imprisonment.