WILLIS, BEN C. (Ret.), Associate Judge.
Kelly appeals from sentences imposed pursuant to the sentencing guidelines following his plea of guilty to one count each of burglary and bond jumping. We reverse and remand for resentencing.
Kelly entered the foregoing guilty plea on 19 April 1984 and was sentenced therefor on 24 May 1984. A separate scoresheet was used for each offense, a Category 5 scoresheet for the burglary charge and a Category 9 for the bond jumping, pursuant to Rule 3.701(d)(3), Fla.R.Crim.P., as amended by the Supreme Court on 8 May 1984 in The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 —Sentencing Guidelines), 451 So.2d 824 (Fla.1984). The Category 5 sheet included 5 additional points for a prior same-category conviction, i.e. trespass. The Category 9 sheet reflected an additional 24 points based on a finding that Kelly was “under legal constraint at the time of the offense.” The recommended sentence on each sheet was 3 years incarceration. Kelly received two concurrent three-year sentences.
Kelly argues first that the trial court erred in using separate scoresheets, pursuant to the rule as it read at the time of his sentencing, instead of the single scoresheet indicating primary and additional offenses as called for by the rule in effect at the commission of the crime. The state responds first that Kelly cannot appeal this alleged error since he was sentenced within the recommended guidelines range, based on Section 924.06(l)(d) and (e), Florida Statutes, which permit defendants to appeal only illegal and departure sentences. It next contends that, even if only one score-sheet should have been used, the recommended sentence would be the same, rendering any error harmless.
Kelly is correct that only one score-sheet indicating burglary as the primary offense at conviction and bond jumping as an additional offense at conviction should have been used in his sentencing, but not because the rule so prescribing was in effect at the time of his commission of the crimes charged. Although this court held in Dewberry v. State, 472 So.2d 792 (Fla. 1st DCA 1985), Richardson v. State, 472 So.2d 1278 (Fla. 1st DCA 1985), and Beggs v. State, 473 So.2d 9 (Fla. 1st DCA 1985), that the guidelines in effect at the time of commission of the crime are to be applied at sentencing, those decisions have been held abandoned by the Supreme Court’s decision in State v. Jackson, 478 So.2d 1054 (Fla.1985). See Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985); State v. Taylor, 487 So.2d 294 (Fla.1986). Therefore, it is the rule in effect at sentencing which should apply.
However, even though Rule 3.701(d)(3) as amended at the time of Kelly’s sentencing required the use of a separate scoresheet for each offense and the utilization in sentencing of the sheet recommending the most severe sanction, that amendment became “effective only upon the subsequent adoption by the Legislature of legislation implementing the guidelines as then revised.” Section 921.001(4)(b), Florida Statutes. Here, the Legislature did not adopt this recommended amendment until 1 July 1984; Kelly’s sentencing took place on 24 May 1984. Therefore, the pre-amendment rule was in effect at Kelly’s *1338 sentencing and, pursuant to its terms, only one scoresheet should have been used.
Contrary to the State’s assertion, this error was not harmless. If the proper scoring method had been used, Kelly’s recommended sentence would have been “Community Control or 12-30 mos. incarceration.” Rule 3.988(e), Fla.R.Crim.P. This result also refutes the State’s argument that the appeal of this issue is unauthorized by statute. The trial court’s imposition of three years’ incarceration exceeded the proper guidelines recommendation “without making the mandatorily written, clear and convincing reasons” therefor. Therefore, the error is properly appealed as an unauthorized departure under Section 924.06(1). See State v. Whitfield, 487 So.2d 1045 (1986).
The resolution of this issue renders it unnecessary for us to address Kelly’s assertion of error with regard to the bond jumping scoresheet. However, Kelly also alleges that the’burglary scoresheet erroneously reflected an addition of 5 points for a prior same-category offense, i.e. trespass. He points out that trespass is a misdemean- or offense, but that this court has held that additional points can only be awarded for same-category offenses which are felonies. See Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). The state responds first that this issue cannot be raised based on Kelly’s failure to object to the points on the ground now relied on and further, that Bordeaux conflicts with Pugh v. State, 463 So.2d 582 (Fla. 1st DCA 1985), wherein misdemeanors were held properly scored as prior convictions and as prior same-category convictions.
We again reject the state’s first argument, since the error complained of resulted in the elevation of Kelly’s recommended sentence from “Community Control or 12-30 mos. incarceration” to “3 years incarceration,” resulting in departure without written reasons therefor. The appeal of the error may therefore be considered even without contemporaneous objection at trial. See Whitfield, supra. Further, the decision in Pugh does not conflict with Bordeaux as the Pugh court was not addressing the issue of whether felonies alone could be scored as same-category offenses. Therefore, based on Bordeaux, we find that the imposition of additional points for the prior same-category misdemeanor offense of trespass was error.
We reverse and remand for resentencing pursuant to the guidelines in effect at the time of Kelly’s sentencing. Any departure from the recommended sentence must be explained by written, clear and convincing reasons.
NIMMONS and WENTWORTH, JJ., concur.